S. Gonzalo Sanabria, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sittting as a panel of three.

*Silvio S. Sanabria,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 27, 1974:

On December 12, 1972, the Referee affirmed the decision of the Bureau of Employment Security that appellant was ineligible for benefits on the grounds that he was not totally unemployed. By his own allegation, the first action taken by appellant thereafter was a letter dated December 28, 1972, but mailed in an envelope postmarked December 27, 1972, addressed to

> Department of Labor and Industry
> Unemployment Compensation Board of Review
> Harrisburg, Pennsylvania 17121

The letter was received by the Board of Review on January 2, 1973. The complete letter follows:

> "December 28, 1972.
>
> To the Workmen's Compensation Board of Review, Harrisburg, Pa.
>
> Re: Claim Petition SS No. 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
>     appeal 72-2-6-243
>
> I hereby file an appeal from the award of Referee Albert Tucker, Sr.
>
>       (S/) S. Gonzalo Sanabria
>         Windermere Court Apt. 3-A
>         Wayne, Pa. 19087"

On April 26, 1973 the Secretary of the Board informed appellant that his communication of December 27, 1972 initiating an appeal from the decision of the Referee issued on December 12, 1972, appeared not to have been taken timely, i.e., it was not taken within 10 days after the date on which the decision was issued. However, the Secretary properly informed appellant he could file a Petition for Appeal and have

an official determination of its timeliness by the Board. The Petition for Appeal was filed on May 2, 1973, specifying the date of the decision being appealed to be December 12, 1972.

On May 11, 1973 the Secretary of the Board again informed appellant that the appeal did not appear to be filed in a timely fashion. However, the appellant was given the opportunity to request a hearing that would be confined to the issue of whether the appeal was timely filed. The letter advised appellant that unless the Board received a request for such a hearing within 10 days of May 11, 1973, the date of that letter, the Board would proceed to issue an appropriate order.

Neither the record nor appellant's brief indicates that appellant requested the Board to hold a hearing to permit appellant to produce evidence that the appeal was timely filed.

On July 2, 1973 the Board entered the only Order the law would permit on the facts of this case. The appeal was dismissed as being filed beyond the statutory 10-day period for filing. The requirements of Section 502 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P. L. (1937) 2897, as amended, 43 P.S. §822, are mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency. *Ferretti Unemployment Compensation Case*, 195 Pa. Superior Ct. 234, 171 A. 2d 594 (1961). No such evidence was offered and, in fact, no hearing was requested to offer such evidence.

Accordingly, we enter the following

### ORDER

Now, February 27, 1974, the Order of the Unemployment Compensation Board of Review, dated July 2, 1973, dismissing appellant's appeal in the above matter, is affirmed.