Reinaldo R. Mercado, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 6, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*James Breslauer,* with him *Alan Linder* and *J. Richard Gray,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, January 15, 1975:

Claimant-appellant, a native of Puerto Rico who does not speak, read, or understand English, filed a claim for unemployment compensation. The merits of the claim are not before us, the matter having turned entirely on whether claimant-appellant had a legally sufficient excuse for filing his appeal from the determination of the Bureau late *and* a legally sufficient excuse for filing his appeal from the decision of the referee late.

On July 22 and 30, 1973, claimant-appellant filed claims. We will assume that an official of the Bureau advised claimant-appellant on July 30 to return to the office on August 17 "to sign up for his checks," although the evidence to support such a finding would be thin indeed. On August 2, 1973, the Bureau mailed claimant-appellant a notice, written in English, that his claim was denied. It stated specifically that he would have 10 days to appeal. He did nothing until August 17, 1973, when he returned to the office and, upon being advised that his claim was denied, stated he wished to appeal. The matter was referred to a referee to determine the narrow question of the timeliness of the appeal. On September 12, 1973, claimant-appellant was notified that the referee had dismissed his appeal as being untimely filed. To quote from claimant-appellant's attorney's letter of October 3, 1973, addressed to the Secretary of Labor and Industry:

"... Accordingly, Mr. Mercado (claimant-appellant) was directed by a social service agency to our

office for assistance. An appeal of the Referee's Decision was not taken to the Board of Review because more than ten days had elapsed since the date of that decision.

"Accordingly, it is requested that this letter be considered a formal appeal to the Board of Review. It is our feeling that Mr. Mercado has been unfairly prejudiced by the Referee's denial of his late appeal, and that such decision should be reversed by the Board and the Department."

There is not one word in the record or in claimant-appellant's brief, other than as quoted above, to explain or justify why the October 3, 1973 letter to the Secretary should be treated as an appeal, raising the question of the timeliness of the appeal to the referee, much less one word of explanation or justification for the admitted untimeliness of the proposed appeal from the referee's decision. Since we hold that the appeal from the referee was late, we need not reach the issue of whether the appeal from the Bureau to the referee was timely. The question of claimant-appellant's lack of understanding of English is never offered as an excuse for the late appeal from the referee's decision and is, therefore, not properly before us and, consequently, we do not decide it.

The requirement of Section 502 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §822, providing that appeals from the referee's decision must be filed within 10 days is mandatory and jurisdictional. The requirement cannot be waived in the absence of fraud. This matter was recently discussed by Judge BLATT in *Kitchell v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 149, 150-51, 305 A. 2d 728, 729 (1973):

"There is no doubt that the appeal provisions of the Unemployment Compensation Law are mandatory, and that the failure to file an appeal from a referee's

decision within ten days, without an adequate excuse therefor, mandates dismissal of the appeal. . . . '[A]n aggrieved party may not appeal after the time prescribed, unless he can prove that he was deprived of his right of appeal by fraud or its equivalent, i.e., wrongful or negligent conduct of the administrative authorities.' . . . 'Something more than mere hardship is necessary to justify an extension of time for appeal.' " (Citations omitted).

Accord, *Sanabria v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 42, 317 A. 2d 56 (1974).

In his brief, claimant-appellant asserts that "he at no time prior to August 17, 1973, understood what the rules were, nor what action he was being required to undertake." Certainly, not having knowledge of the 10-day appeal requirement prior to August 17, 1973, cannot be asserted as an excuse for failing to file a timely appeal from the referee's decision of September 12, 1973, which appeal, if ever filed, was taken on October 3, 1973. We must affirm the Board of Review on the basis of that part of its opinion which states:

"Further, since the claimant did not file a timely appeal from the Referee's decision to the Board, especially after claimant was advised of the appeal procedure and the time limit therein involved, his appeal from the Referee's decision should be properly dismissed under the provisions of Section 502 of the Law."

Accordingly, we enter the following

ORDER

Now, January 15, 1975, the decision of the Unemployment Compensation Board of Review, dated February 28, 1974, dismissing the appeal of the appellant, is affirmed.