Anthony A. Lizzi, Petitioner, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent, and Aluminum Company of America, Intervening Respondent.

Argued January 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Paul H. Titus,* with him *Jon Hogue,* and *Kaufman & Harris,* for petitioner.

*Sydney Reuben,* Assistant Attorney General, for respondent.

*Donald C. Winson,* with him *Dale E. Williams, Frederick J. Rerko,* and *Eckert, Seamans, Cherin & Mellott,* for intervening respondent.

OPINION BY JUDGE WILKINSON, January 28, 1975:

This matter comes before this Court on a petition for writ of mandamus to have this Court order the Unemployment Compensation Board of Review "to entertain the petition for allowance of appeals filed by petitioner . . . or, in the alternative, hold a hearing to determine whether or not petitioner and the others similarly situated failed to file timely appeals as a result of fraud or misrepresentation."

Petitioner and some 100 others similarly situated were separated from their employment on March 5, 1970. Petitioner had been employed with the Company, intervening respondent, from which he was then separated, for some 35 years. At the time of the separation, he and the others similarly situated signed a statement that they had voluntarily retired and would begin receiving retirement benefits on April 1, 1971.

Petitioner immediately applied for unemployment compensation. The Bureau of Employment Security, on March 19, 1971, notified petitioner that he would receive benefits for the period March 12, 1971, to April 1, 1971,

but would receive no benefits thereafter because his voluntary retirement would be effective at that time. The March 19, 1971 notice contained appropriate appeal instructions. Specifically, it stated that "this determination becomes final unless an appeal is filed *within 10 days.* Your appeal period ends 10 days from the date shown in the upper right hand corner of the face of this form." (Emphasis in original.) The date on the upper right hand corner was March 19, 1971.

The appeal time provided in Section 501 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821 (e), expired on March 29, 1971.

On April 13, 1971, well after the appeal time had expired, petitioner filed what he expressly declared was a late appeal. After a hearing on June 17, 1971, the issue of which was the timeliness of the appeal, on June 30, 1971, the appeal was disallowed by the referee because of lateness. The referee expressly found that the petitioner had not been "misinformed or misled in any way by Bureau personnel regarding the right of appeal."

On July 1, 1971, petitioner filed an appeal to the Unemployment Compensation Board of Review. In this appeal, petitioner alleged: "I still feel I was misinformed by Alcoa; no one informed me that there were jobs available at the time I was laid off. I was told I was laid off because of lack of work."

On October 6, 1971, the Unemployment Compensation Board of Review affirmed the decision of the referee. The notice of this determination of affirmance of the Board of Review was accompanied by detailed instructions on the right of further appeal to this Court. No appeal has been filed from that decision.

On January 22, 1973, more than two years later, this petition for writ of mandamus was filed. On June 21, 1974, Aluminum Company of America (Alcoa) file a petition to intervene which was allowed on the same date.

168

On July 11, 1974, intervening respondent filed preliminary objections to the petition for writ of madamus on the grounds that this Court is without authority to grant the relief prayed for, and that petitioner did not exhaust his administrative remedies, having failed to file an appeal from the decision of the Unemployment Compensation Board of Review. We agree and must sustain the preliminary objections.

The mandatory nature of the statutory requirements governing appeals from the Bureau, the referee, and the Board of Review in unemployment compensation matters has been reviewed by this Court on several occasions very currently and does not need repetition. *See Mercado v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 45, 331 A.2d 226 (1975) ; *Sanabria v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 42, 317 A.2d 56 (1974) ; and *Kitchell v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973). In the instant case, as in *Mercado, supra,* petitioner attempts to excuse a failure to file a timely appeal from the decision of the Bureau. However, as in *Mercado,* where no excuse was given for an untimely appeal from the referee, here no excuse is or can be given for failing to file any appeal, untimely or otherwise, from the decision of the Board of Review.

Petitioner has not cited a case, nor has our research found any, where a petition for a writ of mandamus could be used to order an administrative board to reverse its decision. Petitioner relies on *Flynn Unemployment Compensation Case,* 192 Pa. Superior Ct. 251, 159 A.2d 579 (1960), and *Layton v. Unemployment Compensation Board of Review,* 156 Pa. Superior Ct. 225, 40 A.2d 125 (1944), each of which holds that if a claimant is misled under certain circumstances, his late appeal from the determination of the Bureau must be accepted. However, these cases are of no avail to petitioner. Each was an ap-

peal from the decision of the Board of Review. Here, there is no such appeal.

Accordingly, we enter the following

ORDER

Now, January 28, 1975, the preliminary objections filed by Aluminum Company of America, intervening respondent, are sustained and the petition for writ of mandamus is dismissed with prejudice.