## Thru-Way Equipment Company, Appellant, *v.* Commonwealth of Pennsylvania, Board of Finance and Revenue, Appellee.

Argued January 6, 1975, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Daniel B. Brandschain,* for appellant.

*Vincent J. Dopko,* Deputy Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 7, 1975:

This matter is before the Court on a motion to dismiss filed by the Commonwealth. The appellant, a corporation, failed to transmit funds it had withheld from the wages of its employees as Pennsylvania income tax under the provisions of Section 316 of the Tax Reform Code of 1971, Act of March 4, 1971, P. L. 6, *added* August 31, 1971, P. L. 362, 72 P. S. §7316 (Supp. 1974-1975). On March 1, 1973, the Personal Income Tax Bureau made a jeopardy assessment of the amount due the Commonwealth, perhaps more accurately identified as the amount of the Commonwealth's funds collected by appellant and illegally held by appellant, plus interest and penalties. The jeopardy assessment is authorized by Section 339 of the Tax Reform Code of 1971, 72 P. S. §7339 (Supp. 1974-1975). Section 339(d) provides: "Jeopardy Assessment, When Final. If a petition for reassessment, accompanied by bond or other security is not filed within the ten-day period, the assessment becomes final." The appellant allowed the jeopardy assessment to become final by failing to file a petition for reassessment on or before March 11, 1973. On June 26, 1973, appellant sent a part payment to the Personal Income Tax Bureau with an accompanying letter directing the payment be applied to the "tax liability" and not to the penalties. On July 12, 1973, the Personal Income Tax Bureau notified appellant it was applying the part payment to interest and penal-

ties, not to principal. Upon learning this, appellant, on July 19, 1973, filed a petition for reassessment unaccompanied by the required bond. Appellant was advised that the petition for reassessment was unacceptable without a bond. After an exchange of correspondence, appellant filed an appeal to the Board of Finance and Revenue which, on January 30, 1974, sustained the position of the Bureau of Personal Income Tax. Appellant then filed a petition with this Court to allow an appeal "without bond." A hearing was held and bond fixed in the amount of $500.00 which was filed. This was followed by a motion to dismiss which was filed by the Commonwealth on the grounds that the original petition for reassessment was not timely filed. We must sustain this motion and dismiss the appeal.

Appellant candidly admits that the petition for reassessment of the jeopardy assessment, being filed on July 19, 1973, from the jeopardy assessment of March 1, 1973, was not timely. Appellant attempts to sustain its position that this appeal, nevertheless, is proper on the grounds that it is unconscionable or unconstitutional to require that a bond be posted in order to file a petition for reassessment. This issue could have been raised properly had appellant filed its petition without a bond within the ten-day limitation, as in fact it was filed later. For recent cases reviewing the jurisdictional aspects of the mandatory appeal time limitations, see *Mercado v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 45, 331 A. 2d 226 (1975) ; *Sanabria v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 42, 317 A.2d 56 (1974) ; and *Kitchell v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973).

The only other argument offered by appellant is that the petition for reassessment was filed on July 19, 1973, not from the Bureau's decision of March 1, 1973, but rather from the action of the Bureau in refusing to apply

the June 26, 1973 part payment to principal rather than to interest and penalties. This argument is too specious to require discussion. Obviously, a petition for reassessment is not the vehicle by which a question would be raised of the proper application of a part payment.

Accordingly, we enter the following

ORDER

Now, February 7, 1975, the motion of the Commonwealth of Pennsylvania, Board of Finance and Revenue, to dismiss the appeal of Thru-Way Equipment Company is sustained and the appeal is dismissed.