Unemployment Compensation Board of Review of
The Commonwealth of Pennsylvania *v.* Ida Mae
Dunofsky, Appellant.

Submitted on briefs, June 6, 1975, to Judges CRUM-
LISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Ida Mae Dunofsky,* appellant, for herself.

*Charles G. Hasson,* Assistant Attorney General, with
him *Sydney Reuben,* Assistant Attorney General, and
*Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 30, 1975:

The sole issue which we must determine in the instant
appeal is whether Ida Mae Dunofsky (Claimant), an
interstate claimant filing for benefits in Massachusetts,
was misled concerning her rights to appeal in Pennsyl-

vania with respect to an adverse determination in our state under the relevant Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 43 P.S. §821(e) which states:

"Unless the claimant or last employer or base year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within ten (10) calendar days after such notice was delivered . . . and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice shall be final and compensation shall be paid or denied in accordance therewith."

Claimant was last employed as an interior designer in Pittsburgh from April 1972 until November 31, 1973. Her employment ceased when she voluntarily left her employment to accompany her husband to Boston where he had obtained a position. On February 21, 1974, Claimant filed an application for unemployment compensation in Boston under the Interstate Benefit System. One month later, March 21, 1974, the Interstate Claims Office of the Bureau of Employment Security issued a determination disqualifying Claimant for benefits under Section 402(b) (2), 43 P.S. §802(b)(2) for the waiting week ending February 23, 1974, and the claim week ending March 2, 1974.

The record establishes that Claimant apparently failed to read the reverse side of the Bureau's Notice of Determination which provides for a continuing disqualification beyond the waiting and initial claim weeks and further that no appeal was filed from the Bureau determination to a referee until April 19, 1974, well beyond the ten day period provided in Section 501(e), 43 P.S. §821(e).

We have examined Claimant's testimony before the referee and find no indication of her having been misled

in any manner with respect to ability and timeliness to appeal. Not until appeal was taken to the Board from the referee's decision, were allegations of non-disclosure lodged, to wit, that an individual in the Boston office stated that the disqualification was for two weeks only. The Board, in affirming the decision of the Referee, made the following findings of fact which we find to be wholly supported by the record:

"4. The claimant's testimony makes it clear that her failure to file a timely appeal to the March 21, 1974 determination was an exercise of personal choice.

"5. Instructions accompanying the determination properly advised the claimant of her right of appeal, and she was not misinformed or misled by the Pennsylvania Compensation Authorities regarding same."

The present case is not dissimilar from our decision in *Sanabria v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 42, 317 A.2d 56 (1974). In *Sanabria*, Section 502, 43 P.S. §822 governing *appeals from the referee to the Board* was in issue. A similar ten day appeal provision is contained in that section, however, and Judge WILKINSON'S comments are equally applicable to the ten day appeal proviso for appeals from the Bureau to a referee.

"Neither the record nor appellant's brief indicates that appellant requested the Board to hold a hearing to permit appellant to produce evidence that the appeal was timely filed.

"On July 2, 1973, the Board entered the only Order the law would permit on the facts of this case. The appeal was dismissed as being filed beyond the statutory ten-day period for filing. The requirements of Section 502 ... *are mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency.* . . . No such evidence was offered and, in fact, no hearing was requested to offer such evidence." (Citations omitted.) (Emphasis add-

ed.) *Sanabria, supra,* 12 Pa. Commonwealth Ct. at 44, 317 A.2d at 57.

Here the Board considered the allegation made by Claimant in a letter accompanying the appeal to that body and concluded that Claimant was not misinformed. Review of the record can lead to no other conclusion but than to

ORDER

AND NOW, this 30th day of July, 1975, the decision and order of the Unemployment Compensation Board of Review is hereby affirmed.