Erie Insurance Company, Appellant, *v.* Commonwealth of Pennsylvania, Appellee.

512

Argued June 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James H. King,* with him *McNees, Wallace & Nurick,* for appellant.

*Paul S. Roeder,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, November 6, 1975:

We have before us a motion by the Commonwealth of Pennsylvania to quash the appeal of the Erie Insurance Company (Erie) from an order of the Board of Finance

and Revenue (Board) denying Erie's November 1, 1973 request for rehearing of a matter which was decided on March 30, 1973, nearly six months earlier. On behalf of its motion, the Commonwealth argues that the then applicable sixty-day statutory period[1] allowing for an appeal from the Board's March 30 decision cannot be extended by the granting of a rehearing upon petition filed after the sixty-day period has elapsed.

Erie is an insurance company which became organized to do business in the Commonwealth in September of 1972. In accordance with normal procedure, Erie had submitted its Articles of Agreement to the Department of Insurance for approval and paid both a domestic excise tax in the amount of $3,200 and a $50 filing fee. The excise tax, however, had been abolished by the General Assembly effective September 10, 1972, which was after the Department of Insurance had approved the Articles of Agreement but before the Governor's approval, required for incorporation, had been granted on September 11, 1972.

On September 29, 1972 Erie wrote to the Corporation Bureau of the Secretary of Commonwealth inquiring about the possibility of a refund of the $3,200 excise tax. The Bureau responded that Erie should seek relief through the Board of Finance and Revenue, and Erie directed the following letter to the Board on November 20, 1972:

"Gentlemen:

"Attached herewith is correspondence we have had with Mr. Krause, Director of the Corporation Bureau in the office of the Secretary of the Commonwealth.

"As you can see, Mr. Krause has directed us to your office to seek relief and refund since we paid

---

1. Section 1104 of the Fiscal Code, Act of April 9, 1929, P. L. 343, *as amended.* This section was subsequently amended to provide for a thirty day appeal period.

the State $3,200 representing the excise tax of $2.00 per $1,000 of authorized Capital Stock and we paid a separate $50 filing fee. However, the date of incorporation of our Company was September 11, 1972, the day after the new fee schedule took effect. It would appear under that new fee schedule that the total fee from us is $75 rather than the $3,200 that we paid.

"We would appreciate a prompt reply from your regarding this matter.

Yours very truly,<br>
ERIE INSURANCE COMPANY"

The letter was returned by the Board for notarization and re-submitted by Erie. Then, according to its brief before us, Erie telephoned the Board inquiring as to the status of the requested refund and was advised that it would receive notice of a hearing. It was also apparently advised that the matter would be put on record but that Erie would not need to be represented personally "because it was 'kind of an informal thing.' "

On March 15, Erie received this notice from the Board:

"Gentlemen:

A meeting of the Board of Finance and Revenue will be held in the Board of Finance and Revenue's Hearing Room No. 132, Finance Building, Harrisburg, Pennsylvania on March 27, 1973 commencing at 10:00 A.M.

We wish to call your attention to the following rules of the board:

Section 5. The petitioner or an authorized representative shall notify the Secretary of the Board as to whether or not they will attend the hearing or request the Board to act on the petition in their absence.

Section 7. Only an Attorney of Law representing any petitioner or other applicant in any proceeding be-

fore the Board or an applicant acting in propria persona, shall be permitted to raise any legal question or questions in any petition or application filed with the Board or to argue or discuss any legal question or questions at a hearing before said Board.

Will you please return the enclosed letter to this office at your earliest convenience indicating whether or not you will be present."

The record fails to disclose Erie's response to the communication, but it is clear that Erie did not attend the meeting and that the requested refund was refused by an order of the Board certified on March 30, 1973. On April 24, 1973 Erie requested reasons for the refusal, which request was not acted upon until August 6, 1973 when it was denied. Erie filed no appeal as such but it engaged counsel and made a request for a rehearing, which was denied. This appeal followed, and we believe that the Commonwealth's motion to quash the appeal must be granted.

Erie argues throughout its brief that at no time did it realize that it had initiated a legal proceeding, or that it had become engaged in a legal proceeding, or that it had been subject to a legal adjudication by the Board. A business corporation such as Erie, however, is certainly presumed to have more than an inexperienced layman's knowledge of the law, and, in our view, it was unmistakably engaged in a legal proceeding, and should have realized it was so engaged. It must, therefore, be bound by any statutory requirements governing proceedings before the Board. *Cf. Mercado v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 45, 331 A.2d 226 (1975). Erie was unquestionably aggrieved by a legal adjudication of the Board on March 30, 1973, an adjudication from which no appeal was taken. This brings us to the grounds upon which the Commonwealth supports its motion to quash this appeal from the Board's refusal to grant a rehearing.

At the time the Board rendered its initial decision, Section 1104 of the Fiscal Code allowed an aggrieved party a sixty-day period in which to file an appeal from Board decisions. The Board, however, had a rule of its own which allowed an aggrieved party to request a rehearing within six months after Board action, and the rehearing requested here apparently was asked within that six-month period. Without passing upon whether or not the Board's rehearing rule may have continuing validity insofar as that Board may desire to reconsider its own actions, it is clear that, with respect to the right of appeal to appellate courts, the sixty-day statutory appeal period had expired and cannot be extended by any administrative rule making. *Cumberland Valley Savings and Loan Association,* 396 Pa. 331, 153 A.2d 466 (1959) ; *Commonwealth v. Irwin,* 345 Pa. 504, 29 A.2d 68 (1942). The aggrieved party, therefore, who fails to appeal within the statutory period, loses all rights to appellate review of the decision, and a request for a rehearing before the Board cannot be permitted to be used so as to circumvent the statutory requirement. We must, therefore, grant the Commonwealth's motion to quash Erie's appeal for a rehearing.

Accordingly, we issue the following

ORDER

AND, NOW, this 6th day of November, 1975, the motion of the Commonwealth of Pennsylvania to quash the appeal of the Erie Insurance Company is hereby granted and the appeal is dismissed.