353 A.2d 440

Anthony A. LIZZI, Appellant,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT
COMPENSATION BOARD OF REVIEW

v.

ALUMINUM COMPANY OF AMERICA.

Supreme Court of Pennsylvania.

Argued Sept. 22, 1975.

Decided March 17, 1976.

Paul H. Titus, Jon Hogue, Kaufman & Harris, Pittsburgh, for appellant.

Donald C. Winson, Dale E. Williams, Frederick J. Rerko, Eckert, Seamans, Cherin & Mellott, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Anthony A. Lizzi, was denied certain unemployment compensation benefits by the Bureau of Employment Security on March 19, 1971. When notified about the denial of benefits, appellant was told that the determination would become final unless an appeal was filed within ten days. Appellant did not file an appeal until several weeks after the expiration of the ten day appeal period. Appellant contended that the late appeal should be heard because he had been misled about his appeal rights by the Bureau. Following a hearing, the referee disallowed the appeal, finding that appellant had not been "misinformed or misled in any way by Bureau personnel regarding the right of appeal." Appellant then appealed to the Unemployment Compensation Board of Review, which affirmed the referee's decision. Despite the existence of a further right of appeal to the Commonwealth Court, appellant failed to file an appeal in that court.

More than one year after the issuance of the final order of the Unemployment Compensation Board of Review, appellant filed a petition for writ of mandamus in the Commonwealth Court. In that petition, appellant asked the Commonwealth Court to order the Unemployment Compensation Board of Review to hold a hearing to determine whether he had been misled by the Bureau of Employment Security concerning his appeal rights following its original denial of benefits. The Commonwealth Court sustained preliminary objections to the petition for writ of mandamus and dismissed the petition with prejudice. *Lizzi v. Unemployment Compensation Board of Review*, 17 Pa.Cmwlth. 165, 331 A.2d 228 (filed January 28, 1975). This appeal followed.

■■ The appellant contends here that the Commonwealth Court erred in dismissing his petition for writ of mandamus with prejudice. We cannot agree. In filing his petition for writ of mandamus, appellant attempted to collaterally attack the final order of the Unemployment Compensation Board of Review entered on October 6, 1971. He attempted to raise before the Commonwealth Court the very issue which he could have raised in a timely appeal after the October 6, 1971, decision of the Unemployment Compensation Board of Review. One who allows his statutory appeal rights to expire cannot at a later date successfully claim those appeal rights under the guise of a petition for writ of mandamus. The Commonwealth Court properly dismissed with prejudice appellant's petition for writ of mandamus.

Order of the Commonwealth Court affirmed.