City of Philadelphia, Appellant *v.* Meyer Goldstein, Appellee.

City of Philadelphia, Appellant *v.* Arthur E. Cornell, Appellee.

City of Philadelphia, Appellant *v.* James B. Sproles, Appellee.

Argued April 7, 1976, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stewart M. Weintraub,* Assistant City Solicitor, with him *Albert J. Persichetti,* Deputy City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellant.

*Kenneth E. Aaron,* with him *Astor & Weiss,* for appellees.

OPINION BY JUDGE WILKINSON, May 11, 1976:

These three appeals involve identical facts as these facts relate to the controlling legal issues. As the matters stand before us now, the appellees have filed a motion to

dismiss and quash this appeal from the Court of Common Pleas on the grounds that the decree from which the appeal is taken is interlocutory. This was the decree entered September 9, 1975, which dismissed appellant's motion to quash appellees' appeal from the Municipal Court to the Court of Common Pleas filed on December 19, 1974, within the 30 days in which the Common Pleas Court had granted them the right to file an appeal nunc pro tunc.

This litigation started in the Municipal Court of Philadelphia on February 13, 1974, when the city brought an action against appellees. As a result of the hearing at which appellees appeared, the court deferred its adjudication for 30 days to give the appellees time to adjust their differences with the city. When the differences were not adjusted, judgment was entered against appellees on April 3, 1974. Appellees did not receive notice of the entry of this judgment until June 1, 1974.[1]

Adopting the strongest position for the appellees, they had 30 days from June 1, 1974, to file an appeal to the Court of Common Pleas. In place of that proper procedure, appellees filed a petition for an appeal nunc pro tunc with the Municipal Court on July 5, 1974, 34 days after they admittedly had notice of the entry of judgment. The city filed a motion to quash that appeal as being to the wrong court, which motion was allowed on August 20, 1974, with a suggestion by the court that a petition be filed in the Court of Common Pleas. Appellees filed a petition in the Common Pleas Court to appeal nunc pro tunc on September 16, 1974, 107 days after receiving notice of entry of judgment. On November 21, 1974, the Court of Common Pleas granted the petition to appeal

---

1. Appellant persuasively argues that since appellees were present at the hearing on which judgment was entered, they were not entitled to notice. Since we decide this case in appellant's favor on another point, it is not necessary to and we do not decide this question.

nunc pro tunc with leave to file the appeal within 30 days of that order. The appeal was filed within this 30-day period on December 19, 1974. On January 3, 1975, appellant filed a petition to quash the appeal. After answer and argument, the lower court denied the motion to quash on September 9, 1975. Hence, these appeals.

We deny and dismiss the appellees' motion to quash the appeal to this Court. The September 9, 1975 order denying the motion to quash was not interlocutory since it went to jurisdiction and was appealable under the Act of March 5, 1925, P. L. 23, *as amended,* 12 P. S. §672. It is clear beyond doubt that the question of the timeliness of an appeal is a matter of jurisdiction. *Thru-way Equipment Company v. Board of Finance and Revenue,* 17 Pa. Commonwealth Ct. 348, 331 A.2d 607 (1975), and cases there cited.

Appellees argue that to allow this appeal from the September 9, 1975 order, which merely confirmed the earlier order of November 21, 1974, granting the right to appeal if filed within 30 days, would be actually extending the appeal time from that order. Not so. That was truly an interlocutory order from which no appeal would be allowed, for appellant suffered no harm thereby until appellees filed their appeals within 30 days.

On the merits, we must reverse the September 9, 1975 decree of the Court of Common Pleas. Appellees' strongest position is that they had 30 days from June 1, 1974, to file their appeals from the Municipal Court to the Court of Common Pleas. They failed to do so. It is just that simple.

No proper grounds have been alleged, such as fraud, that would give legal justification for extending the appeal time. The lower court justified the granting of the appeal nunc pro tunc, thereby extending the time, by finding that the Municipal Court failed to notify appellees of the entry of judgment on April 3, 1974. This might or might not have justified a nunc pro tunc appeal filed to

the Court of Common Pleas within 30 days after June 1, 1974, when admittedly appellees received notice that judgment had been entered. This was not done.

The lower court recognized that Pennsylvania Rule of Civil Procedure 236, requiring notice by the prothonotary of the entry of a judgment, does not apply to the Municipal Court, but felt that equitable principles required its application. That such equitable principles cannot justify extending the time for appeal is well emphasized by *Nardo v. Smith*, 448 Pa. 38, 292 A.2d 377 (1972), wherein the Supreme Court quashed an appeal taken one day late on the 31st day. See also *Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A.2d 169 (1971), where the Supreme Court had granted an appeal nunc pro tunc and then vacated it as improvidently granted. The court therein repeated the well-established principle that the time for appeal may not be extended by the court as a matter of indulgence. Such was the instance here.

Reversed.

Judge KRAMER did not participate in the decision in this case.