Robert Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges CRUM-LISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Robert Johnson,* petitioner, for himself.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 3, 1979:

This is a pro se appeal by claimant Robert Johnson from a decision of the Unemployment Compensation Board of Review (Board) dismissing his appeal from the Bureau of Employment Security's determination denying him benefits, on the ground that the Bureau's determination had become final, under the provisions of Section 501(e) of the Unemployment Compensation Law.[1]

Claimant's justification for filing his appeal late is that the notice of determination arrived after the time for appeal had passed.

---

[1] Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(e).

The presumption is that the notice has been timely received where the decision, bearing notice of the appeal expiration date, was properly addressed and has not been returned by the postal authorities. *Devito Unemployment Compensation Case,* 199 Pa. Superior Ct. 606, 186 A.2d 639 (1962).

The Board found in this case that on the date of the decision, October 25, 1976, a copy was mailed to claimant at his last known address. The copy contained the notice that the order would become final, in the absence of an appeal, on November 9, 1976.

The Board found that claimant waited until November 12, 1976 before filing an appeal. At the hearing in December, 1976 before the referee, claimant clearly and repeatedly *denied having received any notice in the mail.* Claimant testified that not until November 12 was he informed, by authorities at the local office, of the Bureau's decision denying him compensation. He further testified that he filed an appeal within an hour of learning of the decision.

Claimant now claims, however, that he did in fact receive the notification in the mail on November 15, 1976, six days after the final date for appeal had passed, and that the notice arrived in a condition which would indicate that it had been mismanaged in the mailing process by postal or compensation authorities.

The credibility of the witnesses and the weight to be afforded the evidence are matters for the referee and the Board. The Board chose to disbelieve claimant's testimony, and we do not find that the Board capriciously disregarded competent evidence. *Unemployment Compensation Board of Review v. De Victoria,* 24 Pa. Commonwealth Ct. 143, 147, 353 A.2d 920, 922 (1976).

Indeed, the discrepancy between claimant's testimony denying receipt of the notice, and his present

claim of receiving the determination, but after the appeal date had passed, seems to confirm the Board's conclusion as to claimant's credibility.

Accordingly, we enter the following

ORDER

AND Now, this 3rd day of May, 1979, the order of the Unemployment Compensation Board of Review, dated May 5, 1977, dismissing the appeal of Robert Johnson, is affirmed.