Effort Foundry, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Clyde H. Altemose, Jr., Respondents.

Argued April 9, 1980, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Karl K. LaBarr, Jr.,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, June 26, 1980:

Petitioner Effort Foundry, Inc. (Employer) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board) reversing the order of the referee and granting benefits to Clyde H. Altemose, Jr. (Claimant). The basis for the Board's order was its conclusion that because Employer did not appeal from an initial grant of benefits to Claimant, the Bureau (now Office) of Employment Security (Bureau) was without jurisdiction to issue a revised determination denying benefits to Claimant. The only issue before us is whether, on the facts of this case, the failure of Employer to appeal from the initial grant of benefits to Claimant was justified and, accordingly, whether the Bureau's redetermination was proper. We hold that it was. We reverse the order of the Board and remand this case for further proceedings on the issue of Claimant's eligibility for benefits.

The facts of this case are crucial to our determination. Claimant was last employed by Employer as a grinder at a rate of $5.00 per hour. His last day of work was October 21, 1977. Claimant applied for unemployment compensation benefits and notice of his application was sent to Employer at "Effort Foundry, Effort, Pa. 18353," the address supplied to the Bureau by Claimant. In fact, the correct zip code for

Effort, Pa. is 18330. Employer had registered with the Bureau using the address of its office, P. O. Box 3167, Butztown, Pa. 18017. Employer's letterhead stationery contained both addresses, the former denoted as "Plant" and the latter as "Office." The "Plant" or Effort address was subordinate to the "Office" or Butztown address on the letterhead.

It is undisputed that Employer received notice of Claimant's application for benefits, completed the employer's statement thereon, and returned the statement to the Bureau. Employer did not correct the incorrect zip code. On November 28, 1977, the Bureau granted unemployment compensation benefits to Claimant. The Bureau's records indicate that the Notice of Determination approving Claimant's application was sent to Employer at "Effort Foundry, Effort, Pa. 18353." The Notice of Determination stated that Employer had until December 13, 1977 to file an appeal from the determination. No appeal was filed.

Employer asserts that it never received the Notice of Determination and that it did not know that benefits had been granted to Claimant until January, 1978 when it received a Notice of Financial Determination Charged from the Bureau's Harrisburg office. Upon receipt of the latter notice, Employer's President contacted the local Bureau office and informed the personnel there that he had never received a copy of the initial determination. A copy of the November 28 notice was sent to him and, on January 23, 1978, Employer protested in writing the. Bureau's decision.

Following the receipt of Employer's protest, the Bureau revised its initial determination and denied unemployment compensation benefits to Claimant on the basis that he voluntarily terminated his employment with Employer without cause of a necessitous and compelling nature. *See* Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of De-

cember 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1). In a second determination on the same date, the Bureau held Claimant liable for a non-fault overpayment in the amount of $1,322.00. *See* Section 804(b) of the Law, 43 P.S. §874(b). Claimant filed a timely appeal from those decisions to the Board. The Board concluded that the Bureau had no jurisdiction to reconsider its initial determination and, accordingly, reversed the referee's decision on both the Section 402(b)(1) and the Section 804(b) issues. Employer then appealed to this Court. Upon stipulation by counsel for Employer and the Board, the proceedings were remanded for further testimony. Following a hearing,[1] the Board issued the order from which Employer appeals here.

Section 501(e) of the Law, 43 P.S. §821(e), provides that

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), *within fifteen calendar days after such notice* was delivered to him personally, or *was mailed to his last known post office address,* and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith. (Emphasis added.)

Section 509 of the Law, 43 P.S. §829, provides that

> Any decision made by the department or any referee or the board shall not be subject to col-

---

[1] Employer also asserts that it never received notice of the remand order entered by this Court or of the remand hearing before the Board. Employer's counsel did receive notice of the hearing.

lateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.

Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision: . . . .

The appeal provisions of the Law are mandatory. Failure to file an appeal within the required time, here fifteen days from the date of the Bureau's determination, without an adequate excuse for the late filing, mandates that any appeal be dismissed and any collateral attack be denied. In order for a late appeal to be effective, the party appealing bears the burden of proving that he or she was deprived of the right to appeal by fraud or its equivalent, *i.e.* wrongful or negligent conduct by the administrative authorities. *Strawley v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 34, 36, 358 A.2d 145, 147 (1976). *See also Kitchell v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 149, 150-51, 305 A.2d 728, 729 (1973). Because the Board here entered an order adverse to Employer, the party who bore the burden of proof, our scope of review is limited to a determination of whether or not the Board's findings of fact are consistent with each other and with its conclusions of law and its order and whether they can be sustained without a capricious disregard of competent evidence. *Unemployment Compensation Board of Review v. DeVictoria*, 24 Pa. Commonwealth Ct. 143, 146, 353 A.2d 920, 922 (1976).

The crucial question in this case is whether Employer was precluded from filing a timely appeal because it received no notice of the Bureau's November 28 determination due to the wrongful or negligent conduct of the Bureau personnel.

The Board found as a fact that a copy of the November 28, 1977 determination was mailed to Employer at its last known post office address. Based upon this finding, the Board invoked the presumption of regularity of administrative acts of public officials in reaching the conclusion that Employer did have proper notice of the determination. The Board would prevail here if there were proof on the record that such notice was mailed to Employer at its last known post office address and that the notice was not returned to the Bureau. *See Johnson v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 412, 414, 401 A.2d 4, 4 (1979). There is no such evidence. The Board's finding concerning notice is based on a capricious disregard of competent evidence.

There is clear evidence on the record that the notice of determination of November 28 was mailed to Effort Foundry, Effort, Pa. 18353. The correct zip code was 18330. There is also evidence on the record that at some point in time the zip code on the Bureau's record of such notice was corrected to read "18330." Despite the Board's assertion to the contrary, there is uncontradicted testimony by a Bureau official to indicate that the correction was made *after* the November 28 notice was sent. It is clear, then, that notice was not mailed to Employer's last known post office address.[2] Without that fact, the presump-

[2] We need not decide whether the Butztown or Effort address would be considered Employer's last known post office address. The notice was not sent to the Butztown address and it was not sent to the correct Effort address. The facts of this case are clearly distinguishable from those of *Graul Unemployment Compensation Case,*

tion of regularity of administrative acts by public officials cannot stand, *see, Waters v. New Amsterdam Casualty Co.*, 393 Pa. 247, 250-52, 144 A.2d 354, 356 (1958) and *Leight v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 312, 314, 315, 410 A.2d 1307, 1309 (1980), and there is no evidence on the record to support a finding of notice to Employer.

We note the Board's conclusion that the assertion made by the Employer's representative that Employer did not receive notice of the November 28 determination was self-serving and lacking in credibility. Credibility of the witnesses and the weight to be given the evidence presented are, of course, matters to be decided by the compensation authorities. *Unemployment Compensation Board of Review v. DeVictoria*, 24 Pa. Commonwealth Ct. at 147, 353 A.2d at 922. Even discounting all of Employer's testimony, however, it is clear from the record that Bureau personnel did not send notice of the November 28 declaration to Employer's last known post office address. On the facts of this case, then, Sections 501(e) and 509 of the Law do not preclude Employer from appealing the November 28 determination.

The issue raised by Employer's written protest filed in January, 1978 was whether Claimant was ineligible for unemployment compensation benefits because he voluntarily terminated his employment without cause of a necessitous and compelling nature. The Board has yet to consider this issue on its merits. Accordingly, we reverse the order of the Board and remand these proceedings to allow the Board to consider the eligibility issue.

159 Pa. Superior Ct. 549, 49 A.2d 281 (1946), where the Superior Court held that the mailing of notice to S. S. Kresge Company's retail store in Reading rather than to its main office in Detroit, Michigan was acceptable.

## ORDER

AND Now, this 26th day of June, 1980, the Order of the Unemployment Compensation Board of Review, Decision No. B-156360-B, entered May 18, 1979, is reversed and the above-captioned matter is remanded for proceedings not inconsistent with this opinion.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent.

First, it is admitted here by the Employer that it had received a notice of claimant's application for benefits even though this notice had the *same incorrect zip code.* When Employer returned its statement to the Office of Employment Security, it made no attempt to correct the zip code. Employer is now complaining that it should be allowed to appeal an adverse determination regarding unemployment benefits because it did not receive the Notice of Determination, mailed in the same way as the notice of Claimant's application for benefits.

Second, I do not believe that a zip code is essential in order to comply with the "mailed to his last known post office address" requirement. When we consider that (1) a zip code is not required to mail a letter; (2) the same address, with the incorrect zip code, reached employer properly just 20 days before this Notice of Determination; (3) the Employer, when he returned his statement to the Office of Employment Security, did not indicate that the address was incorrect; (4) there was a specific finding by the Board that Employer's testimony as to not receiving notice was "self-serving and lacking in credibility," and (5) there was no evidence that the Notice was returned undelivered, to allow Employer to proceed would simply elevate form over substance.

This decision, as far as I can determine, is one of first impression in Pennsylvania.

In *Olesky v. Travelers Ins. Co.*, 72 App. Div. 2d 924 (1979), the insurance policy provided that notice must be sent, in order to cancel the policy, in accordance with the address listed on the policy. That address did not include a zip code, and neither did the Notice of Cancellation. Insured claimed that she did not receive the notice, and argued that failure to include the zip code was a fatal defect. The Court, noting that the letter had been sent in accordance with the terms of the policy, rejected the argument. The New York court concluded that the lack of zip code would not render the notice defective such that insured would not have received the notice.

In *Southern Sanitation Co., Inc. v. City of Shreveport,* 308 So.2d 848 (La. App. 1975), the box number of 3328 was incorrectly typed 3326. The company claimed that it did not receive the letter until 14 days after it was sent (which would be beyond the deadline for the city to cancel its renewal of a garbage collection contract). The court found that the company *did* receive the letter in time despite the wrong box number:

> The nature of plaintiff's business was such that it received a considerable volume of mail. ... It is a reasonable assumption that the postal clerks ... were quite familiar with so prominent a box holder, and the error of one digit in the box number would not delay or cause mis-delivery of the letter.

*Id.* at 850.

The Court in *Southern Sanitation*, then, did not automatically declare that the small error in the address caused the notice to be defective; rather it analyzed the *facts* to determine whether "it is more probable than not" that the letter would be delivered.

Here, we do not have a great volume of mail, but we do have an admission that a mere 20 days earlier

a letter, with the same incorrect zip code, was properly delivered. I believe we can conclude, therefore, that here, it is more probable than not that the letter was received, *especially* when the Board specifically found employer's testimony "not credible."

This Court should not adopt the policy that an error in the zip code, given the fact that a prior letter had gotten through, renders the Notice of Determination defective. I would affirm the Board on the basis that the employer's testimony as to not receiving the second letter was specifically found by the Board to be lacking in credibility.