IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Haron Coles,                                     :
                          Petitioner             :
                                                 :
          v.                                     :   No. 81 M.D. 2021
                                                 :   Submitted: January 21, 2022
Commonwealth of Pennsylvania,                    :
Board of Probation and Parole,                   :
                          Respondent             :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                      FILED: February 18, 2022

Currently before us are Respondent Commonwealth of Pennsylvania, Board of Probation and Parole's (Board) preliminary objections to Petitioner Haron Coles' Amended Petition for Writ of Mandamus (Amended Petition).[1] Through his Amended Petition, Coles challenges the Board's October 26, 2015 decision to revoke his then-active parole status and requests an order from our Court directing the Board to release him from its custody. In response, the Board preliminarily objects on the basis that the Amended Petition represents an impermissible and duplicative attempt by Coles to revive his lapsed right to challenge its 2015 parole revocation decision. Upon review, we sustain the Board's preliminary objection to our jurisdiction and dismiss the Amended Petition with prejudice.

---

[1] The Board was renamed the Pennsylvania Parole Board approximately two years ago. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

# I. Background

The relevant facts, as averred by Coles in his Amended Petition and as established through the four substantially similar matters Coles has previously pursued before our Court, are as follows.[2] On September 15, 2003, Coles was convicted of several drug and firearm related offenses in the Court of Common Pleas of Delaware County (Common Pleas). He was consequently sentenced to an aggregate carceral term of 6 to 12 years in state prison. Am. Pet. ¶4. Coles was subsequently paroled on February 11, 2012. *Id.* ¶5. While still on parole, Coles was arrested for, and subsequently convicted of, driving under the influence of alcohol or a controlled substance. *Id.* ¶6. As this was his first DUI offense, Coles was not sentenced to any time in prison, but was instead given six months of probation on July 23, 2015. *Id.* ¶7.

The Board responded to Coles' conviction by revoking his parole on October 26, 2015, and deeming him a convicted parole violator. Coles administratively challenged this decision and, after failing to secure relief from the Board, appealed to Common Pleas on March 18, 2016, which subsequently transferred the matter to this Court, where it was docketed as a petition for review under *Haron Donte Coles v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 533 C.D. 2016, dismissed Aug. 31, 2016) (*Coles I*). *See Coles I*, Pet. at 1-3. On July 28, 2016, this Court issued an order that directed Coles to file a brief within 14 days and made clear that *Coles I* would be dismissed in the event he failed to comply. *Coles I*,

---

[2] "It is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings where appropriate. This is particularly so where, as here, the other proceedings involve[d] the same parties." *Lycoming Cnty. v. Pa. Lab. Rels. Bd.*, 943 A.2d 333, 335 (Pa. Cmwlth. 2007) (internal citations omitted).

2

7/28/16 Order at 1. Despite this, Coles did not file a brief and, as a result, *Coles I* was dismissed on August 31, 2016. *Coles I*, Order, 8/31/16, at 1.

On September 9, 2019, Coles filed another appeal with our Court, which was docketed as *Haron Coles v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1268 C.D. 2019, dismissed Oct. 17, 2019) (*Coles II*). Through this appeal, and despite the dismissal of his previous case more than three years earlier, Coles again sought to challenge the Board's decision to revoke his parole. *See Coles II*, Pet. ¶¶1-4. On September 23, 2019, this Court notified Coles that his appeal was defective, as his petition for review lacked certain required information regarding the order he wished to challenge, contained no proof that it had been properly served upon the Board, and had not been accompanied by either a filing fee payment or an application for leave to proceed *in forma pauperis*. *Id.*, Defect Correction Notice, 9/23/19, at 1. Coles was given 14 days to correct these deficiencies. *Id.* However, he failed to do so and, as a result, *Coles II* was dismissed on October 17, 2019. *Id.*, Order, 10/17/19, at 1.

Coles ignored these two dismissals and instead chose to plow forward by filing *two more challenges* with our Court. Coles initiated his third appeal via petition for review on October 29, 2019, which was docketed under *Haron Coles v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1551 C.D. 2019, dismissed Jan. 6, 2020) (*Coles III*), and then filed an amended petition for review in *Coles III* on December 11, 2019. Therein, Coles again challenged the Board's decision to revoke his parole; alleged that the Board had failed to respond to the administrative appeal he had filed in 2015; claimed that the Board had erroneously misinterpreted communications he had sent in August 2019 and September 2019 as new administrative appeals, rather than efforts to get the Board to rule upon his 2015

administrative appeal; and maintained that the Board had improperly declined to consider his request for relief *nunc pro tunc*. *Coles III*, Am. Pet. ¶8(a)-(c). In response, the Board filed an "Application for Summary and Special Relief" (Application), through which, in relevant part, the Board requested that *Coles III* be dismissed because of the finality of this Court's previous dismissal orders in *Coles I* and *Coles II*, as well as the untimeliness and the procedurally improper nature of Coles' August 2019 and September 2019 administrative appeals. *Id.*, Application for Summary and Special Relief ¶¶16-22. Coles failed to file anything in response and, on January 6, 2020, this Court granted the Board's Application and dismissed *Coles III*. *Id.*, Order, 1/6/20, at 1. Coles requested reconsideration of this dismissal on January 15, 2020, which this Court denied on January 29, 2020. *Id.*, Order, 1/29/20, at 1. Coles subsequently filed what he claimed was a mandamus action on April 7, 2020, which was docketed as *Haron Coles v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 276 M.D. 2020, dismissed Apr. 27, 2020) (*Coles IV*). Despite Coles' assertion, the substance of his "mandamus" petition revealed that it was yet another attempt to challenge the Board's 2015 decision to revoke his parole. *See Coles IV*, Pet. ¶¶1-27. Recognizing this fact, as well as that Coles was improperly seeking to use an original jurisdiction action "to revive [his] lapsed appellate rights[,]" this Court dismissed *Coles IV* on April 27, 2020. *Id.*, Order, 4/27/20, at 1. Coles sought reconsideration of our dismissal of *Coles IV*, which we denied on May 12, 2020. *Id.*, Order, 5/12/20, at 1.

This brings us to the matter currently before us. Disregarding our dismissal of *Coles I* through *Coles IV*, Coles filed *yet another* "mandamus" petition on May 29, 2021, which was docketed as *Haron Coles v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 81 M.D. 2021) (*Coles V*). As in *Coles I, Coles II, Coles*

4

*III, and Coles IV*, Coles seeks to use his most recent action to challenge the Board's 2015 decision that revoked his parole. *See* Am. Pet. ¶¶4-17. The Board responded with preliminary objections, seeking dismissal of *Coles V* on the basis that Coles again improperly seeks to use an original jurisdiction action as a vehicle to regain his lapsed appellate rights. Board's Br. in Support of Prelim. Objs. at 5-6. Both parties have filed briefs and this matter is now ready for our disposition.

## II. Discussion[3]

It is plainly evident that *Coles V* is nothing but another attempt by Coles to resurrect his ability to appeal the Board's 2015 parole revocation decision, despite the fact he gave up his right to challenge that decision before our Court by failing to file a brief in *Coles I* and thereby causing that appeal to be dismissed. Bluntly speaking, he cannot avoid the consequences of his prior inaction through attempts at artful pleading or additional petitions for review, for "[o]ne who allows his statutory appeal rights to expire cannot at a later date successfully claim those appeal rights under the guise of a petition for writ of mandamus." *Lizzi v. Unemployment Comp. Bd. of Rev.*, 353 A.2d 440, 441 (Pa. 1976). Accordingly, we sustain the Board's preliminary objection to our jurisdiction over this matter.

---

[3] In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.* *Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021) (quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)).

5

### III. Conclusion

In light of the foregoing, we dismiss Coles' Amended Petition with prejudice. Additionally, we caution Coles that any additional attempts to challenge the Board's 2015 parole revocation decision, whether they come in the form of an additional appeal to this Court or an original jurisdiction action, may upon application by the Board, result in the imposition of appropriate sanctions upon him.

_____
ELLEN CEISLER, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Haron Coles, : 
                Petitioner : 
                 : 
        v. : No. 81 M.D. 2021 
                 : 
Commonwealth of Pennsylvania, : 
Board of Probation and Parole, : 
                Respondent : 

**O R D E R**

AND NOW, this 18th day of February, 2022, it is hereby ORDERED that Respondent Commonwealth of Pennsylvania, Board of Probation and Parole's preliminary objection to our jurisdiction over this matter is SUSTAINED. It is FURTHER ORDERED that Petitioner Haron Coles' Amended Petition for Writ of Mandamus is DISMISSED WITH PREJUDICE.

 

_____
ELLEN CEISLER, Judge