# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karen P. Hales,                              :
                                             :
                        Petitioner           :
                                             :
            v.                               :    No. 144 C.D. 2014
                                             :
Unemployment Compensation                    :    Submitted: July 3, 2014
Board of Review,                             :
                                             :
                        Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  August 12, 2014**

Karen P. Hales (Claimant), pro se, petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) denying her claim for UC benefits pursuant to Section 402(e) of the UC Law (Law).[1]  On appeal Claimant argues that the Board's denial was improper because: (1) Claimant never received notice of the UC Referee's (Referee) hearing; (2) the Board erred by not

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e).  Section 402(e) provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act."  Id.

hearing additional evidence from Claimant; and (3) an unintentional mistake, not willful misconduct, lead to her termination from employment. Discerning no error, we affirm.

Claimant was employed by Harrah's Philadelphia (Employer) as an income control clerk from January 2, 2007 to June 5, 2013. (Referee Decision, Findings of Fact (FOF) ¶ 1, R. Item 8.) Claimant's duties included handling tax-related documents. (FOF ¶ 2.) Claimant received three written warnings from Employer between January and May of 2013 for incorrectly performing her duties. (FOF ¶ 4.) On May 28, 2013, Claimant failed to properly generate and file tax forms. (FOF ¶ 5.) Although Claimant did not complete and file the tax forms properly, she completed another work document the same day certifying that she had completed and filed the tax forms properly. (FOF ¶ 6.) Employer discharged Claimant for dishonesty, failure to use appropriate professional judgment, and failure to obey the Employer's internal policies and federal regulations. (FOF ¶ 7.)

Claimant filed for UC benefits on June 7, 2013. (Claim Record at 1, R. Item 1.) Employer completed the "Employer's Notice of Application" on June 20, 2013 and, as an explanation of Claimant's willful misconduct, wrote "[v]iolation of company policy – failure to follow established procedures." (Employer's Notice of Application, R. Item 2.) The UC Service Center issued a Notice of Determination on August 5, 2013 finding Claimant eligible for UC benefits

because Employer did not provide sufficient proof of Claimant's willful misconduct.[2] (Notice of Determination, R. Item 3.)

Employer appealed the Notice of Determination and a hearing before a Referee was scheduled for September 17, 2013. (Employer's Petition for Appeal from Determination, R. Item 4; Notice of Hearing, R. Item 6.) Employer appeared and presented the testimony of its Human Resources Coordinator and Income Control Manager, as well as documentary evidence. Claimant did not appear at the hearing. Based on the evidence presented by Employer, the Referee reversed the UC Service Center's determination and found Claimant ineligible for UC benefits under Section 402(e) of the Law.

Claimant appealed the Referee's Decision to the Board. Claimant's petition for appeal was timely filed via fax on October 28, 2013. (Claimant's Petition for Appeal from Referee's Decision/Order (First Petition), R. Item 9.) In the area designated in the petition for appeal for a claimant to list the reasons for disagreeing with the Referee's Decision, Claimant only wrote "I disagree with the decision." (First Petition.) The certified record in this matter also contains a second petition for appeal filed by Claimant and received by the Board on November 13, 2013. (Claimant's Petition for Appeal from Referee's Decision/Order (Second Petition), R. Item 9.) In the Second Petition, under

---

[2] "If the employer alleges willful misconduct because the claimant violated a work rule, the employer must prove both the existence of the rule and its violation." Caterpillar, Inc. v. Unemployment Compensation Board of Review, 703 A.2d 452, 456 (Pa. 1997). A claimant must also be "made aware of the existence of the work rule." Bruce v. Unemployment Compensation Board of Review, 2 A.3d 667, 671 (Pa. Cmwlth. 2010).

reasons for disagreeing with the Referee's Decision, Claimant only wrote "I should be entitled to the unemployment. I gave service for [six] years and was not dishonest about anything." (Second Petition.) Upon review, the Board affirmed the Referee's Decision without making any independent findings of fact or conclusions of law. (Board Order, R. Item 10.) Claimant now petitions this Court for review of the Board's Order.[3]

In support of this appeal, Claimant first argues that she never received notice of the Referee's September 17, 2013 hearing; therefore, her administrative due process rights were violated.[4] However, Claimant did not raise this issue in her First Petition or Second Petition to the Board. Consequently, the issue is not properly preserved for review before this Court and has been waived. Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §703(a); Chapman v. Unemployment Compensation Board of Review, 20 A.3d 603, 611 (Pa. Cmwlth. 2011) (holding that issues not raised before the Board are waived).

Moreover, when Claimant learned that a hearing was held in her absence, she did not ask for a rehearing before the Board as permitted by 34 Pa. Code §101.24. Section 101.24 states, in pertinent part:

---

[3] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[4] "There are two essential elements of due process in administrative proceedings: notice and opportunity to be heard." Kiehl v. Unemployment Compensation Board of Review, 747 A.2d 954, 957 (Pa. Cmwlth. 1999).

If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. Requests for reopening, whether made to the referee or Board, shall be in writing; shall give the reasons believed to constitute "proper cause" for not appearing and they shall be delivered or mailed--preferably to the tribunal at the address shown on the notice of hearing or to the Unemployment Compensation Board of Review, Labor and Industry Building, Seventh and Forster Streets, Harrisburg, Pennsylvania 17121, or to the local employment office where the appeal was filed.

34 Pa. Code § 101.24(a). The purpose of the Board's regulation is to provide for the quickest possible disposition of claims for UC benefits. McNeill v. Unemployment Compensation Board of Review, 511 A.2d 167, 169 (Pa. 1986). Although Section 101.24 does not require a high level of specificity, Volk v. Unemployment Compensation Board of Review, 49 A.3d 38, 46 (Pa. Cmwlth. 2012), it does require that a claimant set forth a reason for failing to appear at the Referee's hearing. McNeill, 511 A.2d at 169 (holding that, pursuant to Section 101.24(a), a "party must set forth the reasons for failing to appear at a hearing and the Board must make an independent determination that the reasons set forth constitute proper cause"). Therefore, while we believe that it is entirely plausible that Claimant did not receive notice of the September 17, 2013 hearing, it was incumbent upon her to make the Board aware of this fact for the Board to determine, in the first instance, if a rehearing was necessary due to the alleged lack of notice.

Here, Claimant's First Petition and Second Petition did not state a reason for her absence from the hearing. Claimant only stated that she disagreed with the Referee's Decision, that she believed she was entitled to benefits, and that she was

5

not dishonest. While those statements may be applicable to the merits of Claimant's case, none of them were sufficient to show proper cause for missing the Referee's hearing. Thus, we cannot conclude that Claimant was denied due process by her absence at the hearing when Claimant failed to inform the Board that she did not receive notice of the Referee's hearing.

Next, Claimant argues that the Board erred by not hearing any additional evidence. Claimant states that she never received a notice for a "second hearing date" after she appealed the Referee's Decision. (Claimant's Br. at 8.) Claimant also asserts that she "contacted [the Board] on various occasions (10/31/13 thru [sic] 12/15/13)" to inquire about a hearing date, and was told by a UC representative that she would receive more information by mail. (Claimant's Br. at 8.) However, absent a formal request setting forth proper cause to reopen the case pursuant to Section 101.24, the Board is not required to hear additional evidence or to remand the matter back to the Referee. The Board has discretion to either decide the appeal on the existing record or to gather additional evidence before making a decision. 34 Pa. Code § 101.104(c).[5] In this case, where Claimant did

---

[5] Section 101.104(c) states, in pertinent part:

> If the further appeal is allowed by the Board . . . [t]he Board will review the previously established record and determine whether there is a need for an additional hearing. . . . [T]he Board may affirm, modify, or reverse the decision of the referee on the basis of the evidence previously submitted in the case, or the Board may direct the taking of additional evidence, if in the opinion of the Board, the previously established record is not sufficiently complete and adequate to enable the Board to render an appropriate decision. The further appeal shall be allowed and additional evidence required in any of the following circumstances:

*(Continued…)*

6

not indicate that she failed to receive a notice of the hearing, the Board did not abuse its discretion in deciding the appeal on the existing record. Therefore, we cannot find that the Board erred.

Finally, Claimant argues that she should not be ineligible under Section 402(e) of the Law because her behavior was not willful misconduct, but was based on an honest error. Claimant asserts in her brief that her office was understaffed and that she was overwhelmed by the volume of work. However, this Court may not evaluate any new evidence presented by the Claimant that was not presented to the Board; only the Board may find facts, weigh evidence, and make credibility determinations. Mathis v. Unemployment Compensation Board of Review, 64 A.3d 293, 299 (Pa. Cmwlth. 2013). Therefore, this Court may not properly address Claimant's argument that her actions did not amount to willful misconduct because she had good cause for her conduct.[6]

---

(1) Whenever the further appeal involves a material point on which the record below is silent or incomplete or appears to be erroneous.

(2) It appears that there may have been a denial of a fair hearing under the rules.

(3) Under § 101.24 (relating to reopening of hearing) a request for reopening received after the decision of the referee was issued which constitutes a request for further appeal to the Board.

34 Pa. Code §101.104(c).

[6] If the employer proves that the employee's conduct constitutes willful misconduct, the burden shifts to the employee to show that he or she had good cause for the conduct considered willful. McKeesport Hospital v. Unemployment Compensation Board of Review, 625 A.2d 112, 114 (Pa. Cmwlth. 1993).

7

For the foregoing reasons, the Board's Order is affirmed.[7]

                        _____

                        **RENÉE COHN JUBELIRER, Judge**

---

[7] Claimant also argues that the Board's Order violates the Due Process clause of the Fourteenth Amendment of the United States Constitution; however, these arguments are not articulated in a manner which states any clear claims.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karen P. Hales,                 :
                                    :
             Petitioner       :
                                    :
                v.             :    No. 144 C.D. 2014
                                    :
Unemployment Compensation    :
Board of Review,                 :
                                    :
             Respondent    :

## **O R D E R**

**NOW**, August 12, 2014, the Order of the Unemployment Compensation Board of Review entered in the above-captioned matter is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER, Judge**