# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Gamalinda,                  :
                                   : No. 2060 C.D. 2013
                 Petitioner    : Submitted: July 3, 2014
                                     :
             v.                     :
                                     :
Unemployment Compensation      :
Board of Review,                :
                                     :
                 Respondent    :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                FILED: August 29, 2014


        Jose Gamalinda (Claimant) petitions for review of the October 11, 2013, order of the Unemployment Compensation Board of Review (UCBR) reversing the decision of a referee and denying Claimant unemployment compensation (UC) benefits under section 402(e) of the Unemployment Compensation Law (Law)[1] due to his discharge from work for willful misconduct. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge . . . from work for willful misconduct." 43 P.S. §802(e).

Claimant worked as a beverage server for Sugarhouse HSP Gaming, L.P. (Employer), from April 4, 2012, through March 1, 2013. Employer has a policy, of which Claimant was aware, that prohibits rude or discourteous behavior toward guests, supervisors, and other team members. Employer's disciplinary system is progressive. However, depending on the egregiousness of an act, Employer reserves the right to skip levels of discipline and immediately terminate an employee. (UCBR's Findings of Fact, Nos. 1-2.)

During the year that Claimant worked for Employer, Claimant received verbal and written warnings regarding his performance. Two weeks before his termination, Employer's security guard told Claimant not to walk through a cordoned-off section of the casino. Thereafter, on March 1, 2013, Claimant walked toward a cordoned-off section where the security guard was standing. The security guard told Claimant not to walk through the cordoned-off area because Employer's security team was collecting money from its table games. The security guard tried to physically stop Claimant from entering the cordoned-off section, but Claimant pushed his way through. While the security guard was on the radio, Claimant walked back toward the security guard and shoved him from behind. (*Id.*, Nos. 3-9.)

Employer investigated the incident and determined that Claimant's conduct was egregious and warranted immediate discharge. Employer discharged Claimant for the physical altercation and his rude and discourteous behavior towards the security guard. (*Id.*, Nos. 10-11.)

2

Claimant filed a claim for UC benefits, which was denied by the local service center. Claimant appealed to the referee, who scheduled an evidentiary hearing for May 8, 2013. Five days before the hearing, on May 3, 2013, Employer sent a written continuance request to the referee because Employer's main witness, Christopher Reeves, was scheduled to testify before another referee in a separate UC matter at the same time and date. The referee did not respond to Employer's request and held the hearing on May 8, 2013. Only Claimant appeared and testified. (*Id.*, Nos. 12-15.)

The referee reversed the service center's determination and granted Claimant UC benefits. Employer appealed to the UCBR, which remanded to the referee with instructions to act as the UCBR's hearing officer and "to receive testimony and evidence on the [E]mployer's reason for its nonappearance at the previous hearing. The parties may also provide new or additional testimony and evidence on the merits." (UCBR's Order, 7/19/13, at 1.) At the remand hearing, Claimant and two witnesses for Employer appeared and testified. (UCBR's Decision, 10/11/13, at 2.)

Based on the record, the UCBR determined that Employer requested a continuance and had good cause for not appearing at the initial referee hearing. (*Id.*) Further, the UCBR found that Employer presented credible evidence that Claimant's conduct was an intentional violation of Employer's policy and was so egregious that it warranted immediate termination. (*Id.* at 3.) The UCBR concluded that Claimant's

3

conduct constituted willful misconduct and that Claimant was ineligible for benefits under section 402(e) of the Law. (*Id.*) Claimant petitioned this court for review.[2]

Initially, Claimant asserts that the UCBR erred in granting Employer's request to reopen the hearing after Employer failed to attend the initial referee hearing. Specifically, Claimant argues that Employer failed to show good cause for reopening the hearing. We disagree.

A party who fails to appear for a scheduled hearing and seeks an additional hearing must show good cause for failing to appear at the first hearing. *McNeill v. Unemployment Compensation Board of Review*, 511 A.2d 167, 169 (Pa. 1986). Section 504 of the Law grants the UCBR discretion to order a remand to afford the parties a "reasonable opportunity for a fair hearing." 43 P.S. §824. According to section 101.104(c)(3) of the UCBR's regulations:

> (c) [T]he [UCBR] may direct the taking of additional evidence, if in the opinion of the [UCBR], the previously established record is not sufficiently complete and adequate to enable the [UCBR] to render an appropriate decision. The further appeal shall be allowed and additional evidence required in any of the following circumstances:
>
> * * *
>
> (3) Under §101.24 (relating to reopening of hearing) a request for reopening received after the decision

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

4

of the referee was issued which constitutes a request for further appeal to the [UCBR].

34 Pa. Code §101.104(c)(3).

Section 101.24 of the UCBR's regulations governs all requests for reopening of hearings by a party who did not attend a scheduled hearing. 34 Pa. Code §101.24. Section 101.24(a) and (c) of the UCBR's regulations provides:

> (a)    If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. Requests for reopening, whether made to the referee or [UCBR], shall be in writing; shall give the reasons believed to constitute "proper cause" for not appearing; and they shall be delivered or mailed.

> * * *

> (c)    A request for reopening the hearing which is not received before the decision was mailed, but is received or postmarked on or before the 15th day after the decision of the referee was mailed to the parties shall constitute a request for further appeal to the [UCBR] and a reopening of the hearing, and the [UCBR] will rule upon the request. If the request for reopening is allowed, the case will be remanded and a new hearing scheduled, with written notice thereof to each of the parties. At a reopened hearing, the opposing party shall be given the opportunity to object to the reopening if he so desires.

34 Pa. Code §101.24(a) and (c).

Thus, the party requesting that the hearing be reopened must set forth the reasons for his or her failure to appear at the hearing, and the UCBR must make an

5

independent determination that those reasons constitute proper cause. *McNeill*, 511 A.2d at 169. Section 101.23(b) of the UCBR's regulations provides that, although the mere absence of a witness does not constitute proper cause to continue a hearing, the absence of a witness whose proposed testimony "would be competent and relevant to the issues involved" and "essential to a proper determination of the case" is a sufficient basis upon which to grant a continuance. 34 Pa. Code §101.23(b).

At the remand hearing, Reeves confirmed that he was unable to attend the May 8, 2013, hearing because of a conflicting UC hearing. Reeves presented the notices from the conflicting hearings, the written request for a continuance, the fax receipt confirming the referee's receipt of the continuance request, and testimony that Employer telephoned the referee and left numerous messages regarding the requested continuance. (Employer Exs. 1-3; N.T., 8/9/13, at 6-8.) Moreover, without Reeves' testimony, Employer would have had no evidence regarding its investigation or the administrative steps it took to discharge Claimant.[3] The record contains no evidence that Employer's other witness could have related those facts. The UCBR deemed Reeves' testimony necessary to make Employer's case, and, because Reeves was unavailable, the UCBR held that the referee should have granted Employer's continuation request. We agree. Therefore, because Employer had good cause for not appearing at the initial UC hearing, the UCBR did not err in granting Employer's request to reopen the hearing.

---

[3] Reeves testified and presented the entire case against Claimant. After reviewing the surveillance video, Reeves explained what happened the morning of March 1, 2013. Reeves narrated the referee's viewing of the video, testified regarding what steps Employer took in conducting its investigation, presented Employer's other witness, and presented and submitted all of Employer's evidence into the record.

Next, Claimant contends that the UCBR erred in concluding that he engaged in willful misconduct. We disagree. "Willful misconduct" is defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer can rightfully expect from its employees; or (4) negligence that manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010) (*en banc*). When an employee is discharged for violating an employer's policy, the employer must prove the existence of the policy and the fact of its violation. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). The burden then shifts to the employee to prove that he or she had good cause for violating the policy. *Id.* Good cause is established where the action of the employee is "justifiable and reasonable under the circumstances." *Id.*

Here, Claimant admitted that Employer has a policy against rude or discourteous behavior toward other team members or customers and that he was aware of the policy. Claimant, however, argues that Employer did not enforce the policy consistently because Employer permitted two other employees to return to work after being fired for violating the policy.

This court has determined that:

> Disparate treatment is an affirmative defense by which a claimant who has engaged in willful misconduct may still receive benefits if he can make an initial showing that: (1) the employer discharged claimant, but did not discharge other employees who engaged in similar conduct;

7

(2) the claimant was similarly situated to the other employees who were not discharged; and (3) the employer discharged the claimant based upon an improper criterion.

*Geisinger Health Plan v. Unemployment Compensation Board of Review*, 964 A.2d 970, 974 (Pa. Cmwlth. 2009) (*en banc*).

The record reveals that an employee can request a "general manager review" with Employer to contest his or her termination. (N.T., 8/9/13, at 11.) After his termination, Claimant requested a general manager review but did not get rehired. (*Id.*) Claimant argues that other employees who were terminated for violating Employer's policy were later rehired. However, Claimant did not produce any testimony or evidence indicating that the other employees he referenced were terminated for similar conduct, were terminated more than once,[4] or had other disciplinary issues prior to their termination. Therefore, the UCBR properly determined that Claimant failed to show that the two employees that Employer rehired were similarly situated to Claimant and that disparate treatment occurred.

Next, Claimant contends that the UCBR's findings of fact numbers 7, 8, and 9 are not supported by substantial evidence.[5] Specifically, Claimant argues that

---

[4] Claimant was fired on February 8, 2013, but was later rehired at the general manager review. (N.T., 8/9/13, at 18.)

[5] The UCBR's contested findings of fact are as follows:

> 7. The security guard tried to stop the claimant from walking through the cordoned[-]off section, but the claimant started pushing his way past the security guard despite the security guard's protests to his conduct.

**(Footnote continued on next page…)**

he did not push past the security guard or walk back around and push the security guard.

The evidence presented at the remand hearing consisted of the conflicting testimony of Claimant and Employer's witnesses. Essentially, Claimant is asking this court to reassess the credibility of the witnesses and to resolve those conflicts in Claimant's favor. "In [UC] proceedings, the [UCBR] is the ultimate fact finder, and it is empowered to resolve all conflicts in the evidence and to determine the credibility of witnesses." *Procito v. Unemployment Compensation Board of Review*, 945 A.2d 261, 262 n.1 (Pa. Cmwlth. 2008) (*en banc*). Here, the UCBR deemed Employer's witnesses credible and resolved the conflicts in the testimony in Employer's favor. Where substantial evidence supports the UCBR's findings, credibility determinations made by the UCBR are not subject to review by this court. *Duquesne Light Company v. Unemployment Compensation Board of Review*, 648 A.2d 1318, 1320 (Pa. Cmwlth. 1994).

In support of its testimony, Employer submitted the surveillance video of the March 1, 2013, incident along with witness statements taken during Employer's

---

**(continued…)**

> 8. The security guard tried to physically stop the claimant from pushing through, but the claimant persisted and pushed his way past the security guard.

> 9. While the security guard was on a radio, the claimant came back around and shoved the security officer from behind.

(UCBR's Findings of Fact, Nos. 7-9.)

9

investigation of the incident. A review of the record reveals that there was substantial evidence to support the UCBR's findings and its determination that Claimant violated Employer's policy by ignoring the security guard's instruction not to pass through the cordoned-off section and, thereafter, pushing the security guard.

The burden then shifted to Claimant to prove good cause for violating Employer's policy. *See Walsh*, 943 A.2d at 369. Claimant's only excuse for his actions was that he reacted "in the heat of the moment . . . the guy's instigating . . . and arguing." (N.T., 8/9/13, at 27.) This excuse neither justifies Claimant's actions nor makes them reasonable. Claimant, when asked by the security guard not to walk through a cordoned-off section, should have walked around that section. Claimant should not have pushed his way through the secured area or returned to push the security guard in the back. Because Claimant's actions were neither justified nor reasonable under the circumstances, Claimant did not establish "good cause" for violating Employer's policy.

Accordingly, because the UCBR properly concluded that Claimant committed willful misconduct under section 402(e) of the Law, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Gamalinda,                              :
                                             : No. 2060 C.D. 2013
                    Petitioner               :
                                             :
            v.                               :
                                             :
Unemployment Compensation                    :
Board of Review,                             :
                                             :
                    Respondent               :


O R D E R


        AND NOW, this 29th day of August, 2014, we hereby affirm the October

11, 2013, order of the Unemployment Compensation Board of Review.


                                _____
                                ROCHELLE S. FRIEDMAN, Senior Judge