# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. McNulty,                                    :
                                Petitioner          :
                                                    :
                        v.                          :    No. 1976 C.D. 2015
                                                    :    Submitted: April 22, 2016
Unemployment Compensation                           :
Board of Review,                                    :
                                Respondent          :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER                     FILED: June 15, 2016


John J. McNulty (Claimant) petitions for review of the Order of the Unemployment Compensation (UC) Board of Review (Board) affirming the UC Referee's (Referee) decision to deny Claimant UC benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]  On appeal, Claimant argues that the Board used an incorrect standard to evaluate whether he had sufficient cause for his non-appearance at the first hearing, that he did have such cause, and that the

_____

[1] Act of December, 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e) (providing, in relevant part, that a claimant is ineligible for UC benefits for any week in which the claimant is unemployed due to discharge occasioned by the claimant's willful misconduct in connection with the claimant's former work).

Board should have considered the evidence Claimant presented on the merits of his case. Discerning no error, we affirm.

Claimant was employed by Fresh Start Foundation (Employer) from May 22, 2012 to April 15, 2015, when he was discharged for violating "[E]mployer's standards of professional behavior policy." (Referee Decision, Findings of Fact (FOF) ¶¶ 1, 14.) On April 23, 2015, Claimant applied for UC benefits. (Claim Record, R. Item 1.) Claimant's application was denied by the Local Service Center. (Notice of Determination, R. Item 6.) Claimant appealed, and the matter was assigned to the Referee. The Referee sent notice of the time, place, and date the hearing would be conducted (Notice) to Employer and to Claimant at his last known address. (Notice of Hr'g, R. Item 9; Hr'g Tr. at 1, R. Item 10.) Claimant was not present for the first hearing. (Hr'g Tr. at 1.)

The Referee accepted evidence from Employer and subsequently made the following findings of fact:

1. The claimant was last employed as a full-time Case Manager with the employer from May 22, 2012 until April 15, 2015 at a final rate of pay of $12 per hour.

2. The claimant's last day of work was April 2, 2015.

3. The employer has [a] standards of professional behavior policy; under the employer's policy, every employee must fulfill the duties assigned to him/her as directed and in a timely and appropriate manner.

4. The standards of professional behavior state that threatening, intimidating or coercing others, using abusive or profane language and conduct that negatively impacts on the employer's professional image, reputation and/or well-being of the employer, its employees or the consumers is cause for termination from employment.

2

5. The claimant was aware or should have been aware of the employer's standards of professional behavior[,] as he had acknowledged receiving the handbook, and was made aware of the standards of professional behavior during his orientation.

6. The claimant's shift was from 3:00 PM to 11:00 PM.

7. On April 2, 2015, the program supervisor wanted to discuss with the claimant an incident, which had happened the previous day.

8. The claimant and the supervisor were in the supervisor's office.

9. The claimant was extremely loud and belligerent.

10. The program supervisor told the claimant to sit down; the claimant refused to sit down, continued to be loud, started using profanities, stated "F**k the job," and used the profanities toward[s] the program supervisor.

11. The claimant then walked out of the office using foul language, which was heard by the consumers.

12. The claimant left the workplace at 3:30 PM without permission of the employer.

13. The claimant was suspended on April 2, 2015, and put on administrative leave.

14. On April 15, 2015, the employer discharged the claimant for violating the employer's standards of professional behavior policy.

(FOF ¶¶ 1-14.)    The Referee reasoned, *inter alia*, that Employer's credible testimony established that Claimant violated Employer's reasonable standards of professional conduct.    (Referee Decision.)    Therefore, the Referee issued a decision upholding the determination that Claimant was ineligible for benefits under Section 402(e) of the Law.  (Id.)

3

Claimant appealed to the Board, arguing that he never received the Notice. (Claimant's Petition for Appeal, R. Item 12.) The Board remanded the matter for a hearing at which the Referee, acting as a hearing officer, was to accept evidence on whether Claimant had "proper cause" for his absence from the first hearing and to adduce additional testimony from Claimant on the merits. (Remand Memo & Order, R. Item 13.)

At the remand hearing, Claimant testified that he never received the Notice. (Remand Hr'g Tr. at 4, R. Item 16.) Claimant verified that the address to which the Notice was sent was his, that he received his mail himself, and that he had not experienced trouble receiving other mail. (Id. at 4-5.) The Referee noted that the Notice was not returned by the postal service as undeliverable. (Id. at 5.) Moreover, Claimant testified that he received the Referee's Decision, which was sent to the same address as the Notice. (Id. at 5; Notice of Hr'g; Referee Decision.) Claimant offered no additional evidence to support his assertion that he did not receive the Notice. (Remand Hr'g Tr. at 5.) Claimant offered further testimony on the merits of the case. (Id. at 5-12.)

After reviewing the remand hearing transcript, the Board observed that the Notice was "sent to the claimant's correct address and was not returned as undeliverable," and it did not find Claimant's testimony that he did not receive the Notice credible. (Board Order.) Therefore, the Board ruled that Claimant was without "good cause" for missing the first hearing. (Id.) Accordingly, the Board did not consider Claimant's additional testimony on the merits and affirmed the Referee's Decision. (Id.) Claimant now petitions this Court for review.[2]

---

[2] "Our scope of review of the Board's decision is to determine whether an error of law was committed, constitutional rights were violated, or whether the necessary findings of fact are

4

On appeal, Claimant contends that, in considering his reason for missing the first hearing, the Board erroneously applied a "good cause" standard where the regulation at 34 Pa. Code § 101.24(a) requires a "proper cause" standard. Moreover, Claimant contends that the Board's determination that he was not credible, by itself, was an insufficient basis for determining that he lacked proper cause for missing the first hearing, and as such, his additional testimony on the merits should be considered by the Board. Lastly, Claimant argues that the Board abused its discretion by not considering his testimony on the merits, notwithstanding his cause for non-appearance at the first hearing. In response, the Board contends that "good cause" and "proper cause" are legally indistinguishable standards, and therefore, the inquiry under both is identical. Further, the Board contends that Claimant's unsubstantiated assertion that Claimant did not receive the Notice is not sufficient cause to reopen a hearing.

We consider first whether "good cause" is a different standard than "proper cause" under 34 Pa. Code § 101.24(a). At the outset, we note that Claimant is correct that 34 Pa. Code § 101.24, by its terms, provides in pertinent part:

(a) If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute '*proper cause*,' the case shall be reopened.

. . . .

<hr/>

supported by substantial evidence." Dep't of Labor & Indus. v. Unemployment Comp. Bd. of Review, 131 A.3d 597, 600 n.6 (Pa. Cmwlth. 2016). "The Board's findings are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings." Western and Southern Life Ins. Co. v. Unemployment Comp. Bd. of Review, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006).

(c) A request for reopening the hearing which is not received before the decision was mailed, but is received or postmarked on or before the 15th day after the decision of the referee was mailed to the parties shall constitute a request for further appeal to the Board and a reopening of the hearing, and the Board will rule upon the request.

34 Pa. Code § 101.24(a), (c) (emphasis added). However, when it has interpreted and applied the term "proper cause," the Pennsylvania Supreme Court used the term "good cause" to explain what "proper cause" is under 34 Pa. Code § 101.24. McNeill v. Unemployment Comp. Bd. of Review, 511 A.2d 167, 169 (Pa. 1986).

In McNeill, an employer was not present at a hearing at which a referee accepted and credited evidence from a claimant and subsequently found the claimant eligible for UC benefits. Id. at 167-68. The employer appealed without stating a reason for its absence from the first hearing. Id. The Board, without inquiry into the employer's reason for its non-appearance, remanded the matter for another hearing on the merits.[3] Id. This Court affirmed, but the Supreme Court reversed. Id. at 168-69. The Supreme Court held that the Regulation required "proper cause" before a case could be reopened.[4] Id. at 169. However, the Supreme Court further explained that, under 34 Pa. Code § 101.24, "[i]f a party fails to appear at a scheduled hearing, that party must show *good cause*" before the Board remands for another hearing. McNeill, 511 A.2d at 169 (emphasis added).

---

[3] At this hearing, the employer adduced evidence upon which the Board relied in finding that the claimant was ineligible for UC benefits. McNeill, 511 A.2d at 168.

[4] Claimant cites this case as establishing that "proper cause" is the correct inquiry when a party misses a first hearing with a referee and subsequently seeks another hearing to adduce evidence on the merits. However, Claimant does not acknowledge that in this case "good cause" and "proper cause" are used interchangeably.

6

In fact, while referring to the same evidentiary burden, the Supreme Court used the terms "proper cause" and "good cause" interchangeably. Id.

This Court also has used the term "proper cause" interchangeably with "good cause." In Verdecchia v. Unemployment Comp. Bd. of Review, 657 A.2d 1341, 1343-44 (Pa. Cmwlth. 1995), this Court inquired into whether an employer had "good cause" for failing to appear at a hearing, and held that the employer had "proper cause."[5] Moreover, in Verdecchia, the Board's order (which was appealed to this Court) stated that the employer had "good cause" for its non-appearance at the hearing because the post office failed to timely forward the employer's mail. Id. at 1343. In describing the Board's determination, we stated that "the Board determined that [the employer] had 'proper cause'" for missing the hearing and affirmed that determination. Id. at 1344.

These cases evince the interchangeability of the terms "proper cause" and "good cause." In McNeill, the Supreme Court indicated that under 34 Pa. Code § 101.24(a), a party who had "good cause" had "proper cause." McNeill, 511 A.2d at 169. In Verdecchia, "good cause" and "proper cause" were treated as the same inquiry. Verdecchia, 657 A.2d at 1344. Therefore, we conclude that the Board did not err in using the term "good cause" and that it applied the correct legal standard when evaluating Claimant's justification for missing the first hearing.

We next consider whether Claimant had sufficient cause to justify his non-appearance at the first hearing and, by implication, whether his subsequent testimony on the merits may be considered by the Board. We note at the outset that, in Pennsylvania, courts presume that mail sent to "a claimant's last known

---

[5] Claimant cites this case in support of the proposition that the analysis of "good cause" and "proper cause" is different. However, as in McNeill, we used those terms interchangeably.

7

address," which is not returned as undeliverable, has been received by the claimant. Mihelic v. Unemployment Comp. Bd. of Review, 399 A.2d 825, 827 (Pa. Cmwlth. 1979). A denial of receipt of notice, by itself, is insufficient to dislodge the presumption. Sheehan v. Workmen's Comp. Appeal Bd. (Supermarkets General), 600 A.2d 633, 636 (Pa. Cmwlth. 1991). The Board need not accept even uncontroverted testimony regarding receipt of notice if it could conclude that testimony was not credible. Gaskins v. Unemployment Comp. Bd. of Review, 429 A.2d 138, 140 (Pa. Cmwlth. 1981). The Board makes all determinations as to witness credibility and the weight evidence should be assigned. Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108 (Pa. Cmwlth. 1994). "We will not disturb the Board's credibility determinations." Doyle v. Unemployment Comp. Bd. of Review, 58 A.3d 1288, 1291 n.4 (Pa. Cmwlth. 2013).

Here, the Board did not credit Claimant's testimony that he did not receive the Notice. (Board Order.) Indeed, Claimant admitted that the address to which the Notice was sent was correct, that the Claimant himself retrieved his mail, and that he did not have any trouble receiving his mail at the time when the Notice was mailed. (Remand Hr'g Tr. at 4.) Since credibility determinations are the domain of the Board, this Court cannot reweigh those findings. Doyle, 58 A.3d at 1291 n.4. To the extent Claimant asserts that the Board cannot find that he lacked proper cause based solely upon its credibility determination, we have held that the Board need not accept even uncontroverted testimony regarding receipt of notice where it could determine that the testimony was not credible. Gaskins, 429 A.2d at 140. Accordingly, Claimant's testimony that he did not receive Notice, absent some form of corroboration, is legally insufficient to rebut the presumption that

mail which is not returned undeliverable has been delivered. <u>Sheehan</u>, 600 A.2d at 636. Therefore, we cannot find that the Board erred by concluding that Claimant lacked proper cause to be absent from the Referee's hearing.

Because Claimant lacked proper cause for his absence from the first hearing, no additional evidence or testimony on the merits may be adduced or considered. <u>McNeill</u>, 511 A.2d at 169. Indeed, we previously have stated that when a non-appearing party lacks proper cause for its non-appearance, a hearing may be conducted, and a decision may be based upon the evidence presented at such a hearing. <u>Kelly v. Unemployment Comp. Bd. of Review</u>, 747 A.2d 436, 439 (Pa. Cmwlth. 2000). Here, the Board found that Claimant engaged in willful misconduct, and was consequently disqualified for UC benefits under Section 402(e) of the Law. (Board Order.) Specifically, the Board incorporated the Referee's findings that Claimant directed profanities towards his supervisor in violation of Employer's standards of professional behavior policy, of which Claimant was aware. (FOF ¶¶ 10, 14.) It is well established that "unprovoked abusive or offensive language may constitute willful misconduct" under Section 402(e) of the Law. <u>Brandt v. Unemployment Comp. Bd. of Review</u>, 643 A.2d 78, 80 (Pa. 1994). Accordingly, once Employer met its burden of proving willful misconduct, the burden shifted to Claimant to show that his "actions did not constitute willful misconduct under the circumstances or that he . . . had good cause for the behavior." <u>Kelly</u>, 747 A.2d at 438-39. Because Claimant was not present at the Referee's hearing, he was unable to adduce any evidence or testimony, and consequently, as a matter of law, Claimant was unable to carry his burden. Because Claimant was unable to show good cause, the Board did not

9

abuse its discretion by determining that Claimant was disqualified by Section 402(e) of the Law from receiving UC benefits.

Accordingly, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. McNulty,                          :
                         Petitioner       :
                                          :
            v.                            :     No. 1976 C.D. 2015
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                         Respondent       :

# **O R D E R**

**NOW**, June 15, 2016, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.


_____
**RENÉE COHN JUBELIRER,** Judge