## Rose Marie Janick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, March 3, 1978, to Judges WIL-KINSON, JR., MENCER and BLATT, sitting as a panel of three.

*George W. Schroeck,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 29, 1978:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision that petitioner (claimant) is not entitled to compensation benefits for eight weeks, between November 17, 1973 and January 5, 1974, on the grounds that claimant did not comply with reporting requirements during that time, pursuant to Section 401(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(b). We affirm.

Claimant became unemployed in late September 1973. On October 15, 1973, the Bureau of Employment Security (Bureau) denied benefits for the waiting week ending October 6, 1973. Claimant continued to report to her local Bureau office in Bellefonte to file for benefits until November 14, 1973. The Bureau's determination was affirmed by a referee on November 20, 1973. Claimant alleges that on November 24, 1973, she again reported to the local Bureau office to file for benefits pending appeal of the referee's decision but was told by a Bureau employee that she could not do so because such decision was final. She did not file a further claim for benefits until November 26, 1974, almost exactly a year later.

The decision of the referee was affirmed by the Board on January 10, 1974. On appeal to this Court, however, the Board's decision was vacated and the matter remanded for the purpose of taking additional testimony. A decision by the Board upholding claimant's claim for benefits was issued on October 29, 1974. Claimant then filed for benefits for the eight weeks between November 17, 1973 and January 5, 1974, when her unemployment ended. The Bureau denied payment.

Claimant and her family had meanwhile moved to Erie, Pennsylvania. A hearing was conducted before a referee in Erie, at which claimant made her allegation that a particular Bureau employee in Bellefonte (whom she described but could not name) had told her on November 24, 1973 that she could not continue to file. Claimant's testimony was supported by that of her husband and daughter-in-law, who said they were present with her at the Bellefonte office on November 24, 1973. The referee in Erie subsequently requested that a hearing be conducted in State College, Pennsylvania, in order to take the testimony of the Bureau representatives who dealt with the claimant in nearby

Bellefonte. This hearing was scheduled for March 14, 1975 and was rescheduled for, and conducted on, March 21, 1975 at the Bureau office in State College. Notices were sent to claimant and claimant's counsel both as to the March 14, 1975 and March 21, 1975 dates, as indicated on separate Bureau "Notice of Hearing" forms, respectively shown in the record as claimant's and respondent's exhibits. Neither claimant nor her counsel appeared at the hearing, at which three Bureau employees testified including the only employees who worked in the Bellefonte office during November 1973. The office supervisor testified that there was no record of claimant's either filing for benefits after November 14, 1973 or of her contacting the office in any way from November 27, 1973 (when she filed her appeal from the referee's decision of November 20, 1973) until November 21, 1974. The supervisor stated that the date on which claimant allegedly was denied her filing rights, November 24, 1973, was a Saturday, on which the Bellefonte office would have been closed. The employees testified that once the claimant visited the office in November 1974 and was told that she could not collect for the eight weeks in question, they took her to the supervisor, who testified that she then asked the claimant to point out which of the two employees had denied her the right to file the year before and that claimant said she could not remember. All three employees testified that refusing to allow a claimant to file a claim was improper procedure and they each specifically denied ever so refusing the claimant.

Our examination of the record shows substantial evidence for affirming the decision below that there was no wrongdoing concerning the claimant's filing rights. Nor can we find a lack of due process either in the request of the referee in Erie that a hearing be held in State College in order to obtain the testimony

of the Bureau employees there or in the conduct of the hearing itself. Claimant's allegation that she was not given notice of the hearing, originally scheduled for March 14, 1975 and conducted on March 21, 1975, must fall in light of the two notices of appeal which show that notice of both dates was given to claimant and claimant's counsel. Unlike the facts presented in the recent case of *Mileski v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 334, 379 A.2d 643 (1977), here evidence exists to support the presumption of regularity in the conduct of Bureau employees.

Accordingly, we will enter the following

ORDER

Now, March 29, 1978, the order of the Unemployment Compensation Board of Review, in Decision No. B-135005, dated September 23, 1976, is hereby affirmed.