Coin Automatic Laundry Equipment Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. James J. Dinsmore, Intervenor.

Submitted on briefs June 11, 1982 to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Robert D. Kaplan, Blank, Rome, Comisky & Mc-Cauley,* for petitioner.

No appearance for respondent.

*R. Stuart Jenkins, Schroeder, Jenkins & Raymond,* for intervenor.

OPINION BY JUDGE CRAIG, July 14, 1982:

In this unemployment compensation appeal by the employer Coin Automatic Laundry Equipment Company, from the allowance of benefits to the claimant James Dinsmore, pursuant to a referee's hearing at which the employer failed to appear in support of its contention that the employee was discharged for willful misconduct, the sole issue is whether the employer had notice of that hearing. Necessarily also involved is the question of whether the employer has had an opportunity to support its contention as to lack of notice.

The compensation authorities, on February 19, 1981, mailed to the employer a notice of the referee's hearing scheduled for February 26 at 11:00 a.m. The employer does not dispute that the notice was mailed to the proper address, nor does the employer question that the mailed notice was not returned by postal authorities. Of course, there is a presumption that such a notice has been timely received when the compensation authorities have duly mailed it to the proper address, and it has not been returned by the postal authorities. *Johnson v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 412, 401 A.2d 4 (1979). However, the presumption of receipt which arises from the fact of proper mailing is a rebuttable presumption, *Paul v. Dwyer,* 410 Pa. 229, 188 A.2d 753 (1963), and the employer here has had no opportunity to present proof which could rebut the

presumption. The employer's offer of proof, as presented to the Unemployment Compensation Board of Review in support of its request for reconsideration, is that the employer in fact did not receive the notice in the mail until the day of the hearing, at a time when the hearing had already been concluded.

We cannot pass upon the adequacy or truth of such offered evidence, but neither can we conclude that it has been adjudicated absent any opportunity to present it. We therefore must remand this case so that the board may provide for the taking of evidence concerning whether or not the mailed notice was in fact delivered too late by the postal system.

### ORDER

Now, July 14, 1982, this case is remanded for further proceedings in accordance with the foregoing opinion.