IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jody L. Lamison,        :
       Petitioner        :
       :
       v.        :    No. 1213 C.D. 2019
       :    Submitted: February 21, 2020
Unemployment Compensation        :
Board of Review,        :
       Respondent        :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: July 30, 2020

Jody Lamison (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her claim for benefits under Section 402(b) of the Unemployment Compensation Law (Law), 43 P.S. §802(b).[1] In doing so, the Board affirmed the Referee's determination that because Claimant did not appear at the hearing, she failed to prove she had necessitous and compelling cause to leave work. For the following reasons, we vacate and remand to the Board.

Claimant worked part-time for Harrison Township (Employer) as a secretary in the Code and Zoning Office. Her last day was February 18, 2019. Claimant filed a claim for unemployment compensation benefits on the ground that she resigned due to a hostile work environment. The Unemployment Compensation

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b), which states, in relevant part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

(UC) Service Center granted benefits. Employer appealed, and the Referee held a hearing on May 16, 2019. Claimant did not participate in the hearing.

Employer presented the testimony of Richard Hill, Jr., Township Manager. Hill testified that he learned of Claimant's intended resignation on February 15, 2019. On that day, Claimant had emailed her resignation, effective March 1, 2019, to her supervisor Lindsay Fraser. Fraser forwarded the email to Hill. Hill testified that after receiving Claimant's resignation, he and Employer "decided [they] were not going to schedule her for the next two weeks" because "there was no need for [her] position[.]" Notes of Testimony (N.T.), 5/16/2019, at 5; Certified Record (C.R.) Item No. 8. Hill testified that Claimant had never communicated any complaints or concerns about the work environment to him.

After hearing Hill's testimony, the Referee explained that when a claimant "resign[s] with notice and is not permitted to work through that notice, the separation is considered an involuntary separation through the date of the resignation notice." N.T. 5-6. Therefore, the Referee advised Employer that he would consider Claimant's eligibility under Section 402(e) of the Law, 43 P.S. §802(e), from the date she announced her resignation through March 1, 2019.[2] Hill offered no evidence that Claimant was terminated for willful misconduct.

According to a call report sheet maintained by the Board, on May 17, 2019, Claimant's attorney called the Board to report that she did not appear at the hearing because she lacked advance notice. Counsel explained that Claimant had recently moved and the notice of hearing did not arrive at her new address until the

---

[2] Section 402(e) of the Law provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct...." 43 P.S. §802(e).

2

day after the hearing. The Department's call report sheet noted that Claimant had not notified the Board of her new address. *See* C.R. Item No. 9.

On May 20, 2019, the Referee issued a decision that affirmed the UC Service Center's decision in part. The Referee found that Claimant's separation was involuntary through the effective date of her resignation, March 1, 2019, because Employer did not permit her to work during that time. Because Employer presented no evidence of willful misconduct, the Referee held that Claimant was not ineligible for benefits under Section 402(e) of the Law, 43 P.S. §802(e), for the waiting week ending February 23, 2019, and the compensable week ending March 2, 2019. Because Claimant offered no evidence that her separation from employment after March 1, 2019, was involuntary or that she had a necessitous and compelling cause for quitting as of March 1, 2019, the Referee held that she was ineligible for benefits after that date by reason of Section 402(b) of the Law, 43 P.S. §802(b).

Claimant appealed to the Board. Attached to her appeal was a copy of a contemporaneous email from Claimant's counsel to the Board stating, in pertinent part, as follows:

> Please accept the following on behalf of my client, Jody Lamison. She wishes to appeal the [R]eferee's decision in this case, and requests a remand hearing.
>
> * * *
>
> Reason for Appeal: Claimant has additional testimony and evidence not yet considered in the Referee's original decision that she would like to present in a remand hearing.

C.R. Item No. 11.

The Board affirmed the Referee's decision. The Board denied Claimant's request for a remand hearing, noting that Claimant had "fail[ed] to offer

3

a legally sufficient reason to support a finding of proper cause for her nonappearance at the referee's hearing." Board Adjudication, 7/3/2019, at 1. Claimant, now *pro se*, has petitioned for this Court's review.

On appeal,[3] Claimant asks this Court to reverse the Board's decision and reinstate the Service Center's award of benefits under Section 402(b) of the Law, 43 P.S. §802(b). Claimant contends that she did not attend the Referee's hearing on May 16, 2019, because she did not receive the notice of hearing until May 17, 2019. Claimant further contends that had she attended, she would have offered evidence that her separation from work was involuntary because a hostile work environment forced her to quit. The Board responds that it properly denied Claimant's request for a remand hearing because she did not offer proper cause for her nonappearance at the first hearing. It asserts that Claimant's telephone call that she had not received the notice of hearing was inadequate; Claimant had to advise the Board of this issue in writing.

The Board's regulations address requests for reopening the record where a party does not attend a scheduled hearing. Section 101.24 provides, in relevant part:

> (a) If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. Requests for reopening, whether made to the referee or Board, *shall be in writing; shall give the reasons believed to constitute*

---

[3] Our review determines "whether constitutional rights were violated, [whether] an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

4

*"proper cause" for not appearing;* and they shall be delivered or mailed [to the Department].

\* \* \*

(c) *A request for reopening the hearing which … is received or postmarked on or before the 15th day after the decision of the referee was mailed to the parties shall constitute a request for further appeal to the Board and a reopening of the hearing,* and the Board will rule upon the request. If the request for reopening is allowed, the case will be remanded and a new hearing scheduled, with written notice thereof to each of the parties. At a reopened hearing, the opposing party shall be given the opportunity to object to the reopening if he so desires. If the request to have the hearing reopened is denied, the Board will append to the record the request, supporting material and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.

34 Pa. Code §101.24 (emphasis added). A claimant's failure to receive, or timely receive, a hearing notice can constitute "proper cause" for reopening a hearing. *Verdecchia v. Unemployment Compensation Board of Review*, 657 A.2d 1341, 1343-44 (Pa. Cmwlth. 1995); *Coin Automatic Laundry Equipment Company v. Unemployment Compensation Board of Review*, 447 A.2d 690, 691 (Pa. Cmwlth. 1982).

In general, the "[m]ailing of notices, orders or decisions of a referee, or of the Board to the parties at their last known addresses as furnished by the parties to the referee, the Board or the Department [of Labor and Industry], shall constitute notice of the matters therein contained." 34 Pa. Code §101.53. A party is presumed to have received notice "[w]here notice, mailed to a party's last known address, is not returned by the postal authorities as undeliverable[.]" *John Kenneth, Ltd. v. Unemployment Compensation Board of Review*, 444 A.2d 824, 826 (Pa. Cmwlth. 1982). This presumption of receipt "is based on the notion that, once the notice,

5

properly addressed, is placed in the mail, there are usually two options: either the notice will be delivered as addressed, or, if it cannot be delivered, it will be returned to the sender." *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 41 (Pa. Cmwlth. 2012). "Although those two options are the most likely to occur in our experience, there are occasions in which mail is lost or not delivered for some reason." *Id.* The presumption of receipt is rebuttable. "If the addressee is not given the opportunity to present evidence to rebut the presumption of receipt, the presumption would become irrebuttable, a legal consequence that is generally disfavored by both the United States and Pennsylvania Supreme Courts as violating due process." *Id.* at 42. Thus, the claimant must have the opportunity to rebut the presumption of receipt because it may establish proper cause for not attending a referee's hearing.

Testimony denying receipt of the item mailed does not rebut the presumption. *Department of Transportation, Bureau of Driver Licensing v. Grasse*, 606 A.2d 544, 546 (Pa. Cmwlth. 1991). *See also Janick v. Unemployment Compensation Board of Review*, 383 A.2d 973 (Pa. Cmwlth. 1978) (rejecting claimant's assertion that she did not receive notice of hearing where the record contained the hearing notice sent to claimant and her attorney); *Anker v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 434 C.D. 2010, filed December 29, 2010) (unreported) (claimant's assertion that she did not receive notice of hearing did not overcome presumption where notice was sent to her correct address and not returned to the Board as undeliverable); *Poplawski v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2612 C.D. 2009, filed June 30,

6

2010) (unreported) (court rejected claim of no receipt where claimant's correct address was used and claimant had received other Board documents at that address).[4]

Generally, the Board's decision to grant or deny a party's request for a remand hearing is a matter of administrative discretion. *Georgia-Pacific Corporation v. Unemployment Compensation Board of Review*, 630 A.2d 948, 951 (Pa. Cmwlth. 1993). Section 101.104 of the Board's regulations, however, provides, in part, that:

> (a) The Board may allow or disallow any application for a further appeal without hearing, solely on the basis of the application and the record.
>
> * * *
>
> (c) If the further appeal is allowed by the Board, or if the Board removes an appeal from the referee to the Board and on its own motion assumes jurisdiction of the appeal, notification shall be mailed to the last known post office address of each interested party. The Board will review the previously established record and determine whether there is a need for an additional hearing. Under section 504 of the Unemployment Compensation Law (43 P.S. §824), the Board may affirm, modify or reverse the decision of the referee on the basis of the evidence previously submitted in the case, or the Board may direct the taking of additional evidence, if in the opinion of the Board, the previously established record is not sufficiently complete and adequate to enable the Board to render an appropriate decision. The further appeal shall be allowed and additional evidence required in any of the following circumstances:
>
> > (1) Whenever the further appeal involves a material point on which the record below is silent or incomplete or appears to be erroneous.

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

7

(2) It appears that there may have been a denial of a fair hearing under the rules.

(3) Under §101.24 (relating to reopening of hearing) a request for reopening received after the decision of the referee was issued which constitutes a request for further appeal to the Board.

34 Pa. Code §101.104.

We have explained that the Board must allow a "further appeal" where there is "a material point on which the record below is silent, incomplete, or where, [] the request for reopening is made under 34 Pa. Code §101.24." *Volk*, 49 A.3d at 43. Further, "[f]or the purposes of reopening the record under 34 Pa. Code §101.24, whether the petitioner had proper cause for not attending the hearing is a material point[.]" *Id.*

*Volk*, 49 A.3d 38, is instructive. In that case, the claimant did not appear at the referee's hearing, and the referee found the claimant ineligible for benefits. The claimant appealed to the Board, arguing that he did not attend the hearing because he was not notified of the time and place of the hearing. The Board denied the claimant's request for another hearing because the record established a presumption that the claimant had timely received the hearing notice and the claimant's denial of receipt alone was not enough to overcome it. On appeal, this Court determined that the Board erred by basing its decision solely on the statements in the claimant's appeal. We concluded that a claimant challenging the presumption of receipt must be given the opportunity to rebut the presumption at a hearing, otherwise, the presumption becomes irrebuttable.

In *Coin Automatic Laundry*, 447 A.2d 690, the employer appealed a referee's decision, asserting that it did not appear at the referee's hearing because it did not receive notice of the hearing. The Board denied the employer's appeal

8

without affording it an opportunity to present evidence that it had proper cause for missing the hearing. We remanded the matter to the Board, directing it to hold a hearing to allow the employer to present evidence to rebut the presumption it had timely received the hearing notice. We stated: "[w]e cannot pass upon the adequacy or truth of such offered evidence, but neither can we conclude that it has been adjudicated absent any opportunity to present it." *Id.* at 691.

Given this precedent, we conclude that the Board erred in denying Claimant's request for a remand hearing. Claimant's counsel informed the Board by phone that Claimant was absent from the Referee's hearing because she did not receive the hearing notice until a day after the hearing. In Claimant's subsequent appeal to the Board, her attorney requested a remand hearing, which the Board denied because it found that Claimant's appeal form did not contain a legally sufficient reason for her nonappearance at the hearing. In light of counsel's phone call on May 17, 2019, the Board had notice of Claimant's claim that she did not timely receive the hearing notice. The Board should have given Claimant the opportunity to present evidence to rebut the presumption of timely receipt and prove her contention that she did not attend the hearing because she did not have notice.[5]

The Board argues that "[a]lthough Claimant's counsel called the referee after the hearing and stated Claimant did not timely receive notice of the hearing, this was not considered to be an appeal and did not trigger an automatic remand

---

[5] The Board's regulations provide that it may grant a request for rehearing for "good cause in the interest of justice without prejudice to any party." 34 Pa. Code §101.111. To determine whether good cause exists, the Board must consider whether the requesting party has presented new evidence or changed circumstances or whether it failed to consider relevant law. *Laster v. Unemployment Compensation Board of Review*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013); *Georgia-Pacific Corporation*, 630 A.2d at 953 (explaining that the Board has good cause to grant reconsideration to revisit a legal issue). Because it did not consider the law surrounding the presumption of receipt, the Board could have revisited the issue by granting a remand hearing.

9

hearing for appearance [] because it was not in writing." Board's Brief at 8. The Board's arguments are not persuasive. Section 101.104(c) of the Board's regulations provides that once a party makes a request for a hearing and appeal under 34 Pa. Code §101.24, the Board should allow the "further appeal" and the introduction of additional evidence. Moreover, as this Court has noted:

> the Board previously has granted rehearing requests where there has been *no explanation* at all in the appeal documents about a party's failure to attend a hearing. The petitioners in *McNeill*, *Sanders*, and *Verdecchia*[6] were given a hearing at which they had the opportunity to fully explain why they were unable to attend their respective hearings, and to submit evidence to support their claims. While the Board has some discretion in deciding whether to grant a request for a remand hearing, subject to the limitations in 34 Pa. Code §101.104(c), the Board has not applied consistent standards for the exercise of that discretion. Sometimes the Board requires specific explanations about why the notice was not received and other times it does not. The lack

---

[6] In *McNeill v. Unemployment Compensation Board of Review*, 511 A.2d 167 (Pa. 1986), the referee made a decision favorable to the claimant after the employer did not appear at the hearing. The employer appealed to the Board and requested a remand hearing. In its request, the employer did not explain its absence at the first hearing. Instead, the employer wrote: "We do not agree with the decision rendered by the referee … [the claimant] should not be eligible for unemployment [compensation benefits.]" *Id.* at 170. The Board remanded the case for a second hearing before the referee to establish additional testimony related to the merits of the case. In *Sanders v. Unemployment Compensation Board of Review*, 524 A.2d 1031 (Pa. Cmwlth. 1987), the employer contacted the referee shortly before the scheduled hearing to explain that its representative was unable to attend. The referee's staff member said the referee would telephone the representative during the hearing. This did not happen and the referee issued a determination favorable to the claimant. The employer appealed to the Board and requested a reopening of the record because it did not receive the notice of hearing until thirty minutes before the hearing. The Board granted employer's request and remanded the matter for another hearing. Lastly, *Verdecchia v. Unemployment Compensation Board of Review*, 657 A.2d 1341 (Pa. Cmwlth. 1995), like *McNeill*, involved a referee who made a decision favorable to the claimant after the employer did not appear at the hearing. The employer appealed, stating that it had not received the hearing notice. The Board remanded for a second hearing and allowed the employer to present evidence to support its claim that it did not receive the hearing notice.

of consistent standards in these matters is troubling, particularly where the refusal to remand prevents the party against whom the presumption of receipt is being asserted from having the opportunity to present evidence to satisfy its burden of rebutting that presumption. As previously stated, this effectively transforms the presumption of receipt into an irrebuttable presumption, a result not favored under the principles of due process.

*Volk*, 49 A.3d at 46-47 (emphasis in original) (internal citations omitted).

It is well settled that "the essential elements of due process in an administrative proceeding are notice and an opportunity to be heard." *Groch v. Unemployment Compensation Board of Review*, 472 A.2d 286, 287-88 (Pa. Cmwlth. 1984). "Providing notice of a hearing to all interested parties is not discretionary, but mandatory." *Allrutz v. Unemployment Compensation Board of Review*, 463 A.2d 100, 102 (Pa. Cmwlth. 1983). If Claimant truly did not receive the hearing notice in a timely manner, she was denied notice and the opportunity to be heard. *Id*.

For all of the foregoing reasons, we vacate the Board's order and remand for proceedings consistent with this opinion, *i.e.,* to allow Claimant the opportunity to prove her contention that she did not attend the Referee's hearing because she did not have notice.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jody L. Lamison,                :
            Petitioner       :
                                :
            v.               :    No. 1213 C.D. 2019
                                :
Unemployment Compensation    :
Board of Review,                :
            Respondent    :

# **O R D E R**

AND NOW, this 30th day of July, 2020, the order of the Unemployment Compensation Board of Review dated July 3, 2019, entered in the above-captioned matter is VACATED, and this matter is REMANDED to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge